| | |
|---|---|
| STEPHANIE J. MESSNER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KARYN R. WEINGARTEN, *in her official capacity of Union County Assistant Union County Prosecutor*, et al.,<br><br>　　　　　　Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**VICINAGE OF TRENTON**<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br><br>Hon. Lois H. Goodman, U.S.M.J.<br><br>CIVIL ACTION NO. 3:19-cv-15752<br><br>(Electronically Filed) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) ON BEHALF OF DEFENDANTS HON. DOUGLAS M. FASCIALE, J.A.D., HON HANY A. MAWLA, J.A.D., HON. LISA ROSE, J.A.D., HON. KIMAIRE RAHILL, P.J.FAM., HON. KEVIN M. SHANAHAN, P.J.CR., HON. BRADFORD BURY, J.S.C., HON. KATHY QASIM, J.S.C., HON. MICHAEL J. ROGERS, J.S.C., CEDERIC HOWARD, NICOLE BARRACANO, AND A.P. KARYN R. WEINGARTEN**

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625-0116
(609) 376-2743
Ashley.costello@law.njoag.gov
Attorney for Defendants,
  Hon. Douglas M. Fasciale, J.A.D., Hon. Hany
  A. Mawla, J.A.D., Hon. Lisa Rose, J.A.D.,
  Hon. Kimaire Rahill, P.J.Fam., Hon. Kevin
  M. Shanahan, P.J.Cr., Hon. Bradford Bury
  J.S.C., Hon. Kathy Qasim, J.S.C.,
  Hon. Michael J. Rogers, J.S.C., Cederic
  Howard, Nicole Barracano, and A.P. Karyn R.
  Weingarten

Ashley L. Costello (107192015)
Deputy Attorney General

## TABLE OF CONTENTS

TABLE OF CONTENTS........................................... ii

TABLE OF AUTHORITIES........................................ iv

PRELIMINARY STATEMENT........................................ 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.................... 4

STANDARD OF REVIEW.......................................... 9

ARGUMENT................................................... 12

    POINT I

        ANY CLAIMS ACCRUING BEFORE JULY 24, 2017 ARE BARRED BY
        THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED WITH
        PREJUDICE........................................ 12

    POINT II

        PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITH PREJUDICE
        AS TO STATE DEFENDANTS, AS STATE DEFENDANTS ARE ENTITLED
        TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND ARE NOT
        "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983... 14

    POINT III

        PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH
        PREJUDICE AS TO JUDGES FASCIALE, MAWLA, ROSE, RAHILL,
        SHANAHAN, BURY, QASIM, AND ROGERS, AS THE JUDGES ARE
        ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.............. 17

    POINT IV

        PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH
        PREJUDICE, AS TO DEFENDANTS CEDERIC HOWARD AND NICOLE
        BARRACANO, AS DEFENDANTS HOWARD AND BARRACANO ARE
        ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY....... 21

    POINT V

        PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH
        PREJUDICE AS TO A.P. KARYN R. WEINGARTEN AS DEFENDANT
        WEINGARTEN IS ENTITLED TO ABSOLUTE PROSECUTORIAL
        IMMUNITY.......................................... 23

POINT VI

PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(1), AS PLAINTIFF'S CLAIMS ARE BARRED UNDER THE *ROOKER-FELDMAN* DOCTRINE........................................... 28

POINT VII

PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE AS PLAINTIFF FAILED TO STATE A CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF....................... 33

CONCLUSION................................................... 37

## **TABLE OF AUTHORITIES**

**Cases**                                                                        **Pages**

Ashcroft v. al-Kidd,
  563 U.S. 731 (2011) ......................................... 27

Ashcroft v. Iqbal,
  129 S.Ct. 1937 (2009) ................................... 10, 11

Azubuko v. Royal,
  443 F.3d 302 (3d Cir. 2006) ................................ 34

Balgowan v. New Jersey,
  115 F.3d 214 (3d Cir. 1997) ................................ 35

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................... 10, 11

Brandon v. Holt,
  469 U.S. 464 (1985) ......................................... 14

Briscoe v. Lahue,
  460 U.S. 325 (1983) .................................... 21, 22

Buckley v. Fitzsimmons,
  509 U.S. 259 (1993) ......................................... 24

Burns v. Reed,
  500 U.S. 478 (1991) ......................................... 25

City of Los Angeles v. Lyons,
  461 U.S. 95 (1983) .......................................... 35

Coleman v. Kaye,
  87 F.3d 1491 (3d Cir. 1996), cert. denied,
  519 U.S. 1084 (1997) ........................................ 15

Cory v. White,
  457 U.S. 85 (1982) .......................................... 33

District of Columbia Court of Appeals v. Feldman,
  460 U.S. 462 (1983) ......................................... 28

Doe v. Div. of Youth & Family Servs.,
  148 F. Supp. 2d 462 (D.N.J. 2001) .......................... 35

Dotzel v. Ashbridge,
  438 F.3d 320 (3d Cir. 2006) ................................. 21

Doug Grant, Inc. v. Greate Bay Casino Corp.,
  232 F.3d 173 (3d Cir. 2000) ................................. 11

Estate of Smith v. Marasco,
  430 F.3d 140 (3d Cir. 2005) ................................. 16

Ex parte Young,
  209 U.S. 123 (1908) ........................................ 34

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
  544 U.S. 280 (2005) ........................................ 29

Federacion de Maestros de Puerto Rico v. Junta de Relaciones del
  Trabajo de Puerto Rico,
  410 F.3d 17 (1st Cir. 2005) ................................. 29

Forrester v. White,
  484 U.S. 219 (1988) ........................................ 18

Forsyth v. Kleindienst,
  599 F.2d 1203 (3d Cir. 1979) ............................... 25

Gallas v. Supreme Court of Pennsylvania,
  211 F.3d 760 (3d Cir. 2000) ................................. 21

Great W. Mining & Mineral Co. v. Fox Rothschild LLP,
  615 F.3d 159 (3d Cir. 2010) ................................. 29

Grey v. New Jersey,
  91 F. App'x 747 (3d Cir. 2003) ......................... 28, 30

Gross v. German Found. Indus. Initiative,
  549 F.3d 605 (3d Cir. 2008), cert. denied,
  129 S. Ct. 2384 (2009) ...................................... 9

Guardians Ass'n v. Civil Serv. Comm'n,
  463 U.S. 582 (1983) ........................................ 35

Haines v. Kerner,
  404 U.S. 519 (1972) ........................................ 10

Henig v. Odorioso,
  385 F.2d 491 (3d Cir.1967) ................................. 22

Hunter v. Supreme Court,
  951 F. Supp. 1161 (D.N.J. 1996) ............................. 15

Imbler v. Pachtman,
  424 U.S. 409 (1976) ................................. 23, 24, 27

In re Madera,
  586 F.3d 228 (3d Cir. 2009) ................................. 30

Johnson v. State of New Jersey,
  869 F. Supp. 289 (D.N.J. 1994) ............................. 15

Kulwicki v. Dawson,
  969 F.2d 1454 (3d Cir. 1992) ................................ 24

Maine v. Taylor,
  477 U.S. 131 (1986) ................................. 25, 28, 36

Malhan v. Sec'y United States Dep't of State,
  938 F.3d 453 (3d Cir. 2019) ............................ 29, 32

McArdle v. Tronetti,
  961 F.2d 1083 (3d Cir. 1992) ............................... 21

Morse v. Lower Merion Sch. Dist.,
  132 F.3d 902 (3d Cir. 1997) ................................ 11

Mortensen v. First Fed. Sav. & Loan Ass'n,
  549 F.2d 884 (3d Cir. 1977) ............................... 8, 9

Pa. Psychiatric Soc'y v. Green Spring Health Servs.,
  280 F.3d 278 (3d Cir. 2002) ................................ 33

Pennhurst State School & Hosp. v. Halderman,
  465 U.S. 89 (1984) ........................................ 15

Pension Benefit Gaur. Corp. v. White Consol. Indus.,
  998 F.2d 1192 (3d Cir. 1993) ............................... 10

Philips v. County of Allegheny,
  515 F.3d 224 (3d Cir. 2008) ................................. 9

Pierson v. Ray,
  386 U.S. 547 (1967) ........................................ 17

Poling v. K. Hovnanian Enters.,
  99 F. Supp. 2d 502 (D.N.J. 2000) ............................ 8

Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y.
   and N.J. Police Dept.,
   973 F.2d 169 (3d Cir. 1992) ................................. 29

Quern v. Jordan,
   440 U.S. 332 (1979) ........................................ 35

Rode v. Dellarciprete,
   845 F.2d 1195 (3d Cir. 1988) ............................... 16

Rooker v. Fidelity Trust Co.,
   263 U.S. 413 (1923) ........................................ 28

Sameric Corp., Del., Inc. v. City of Philadelphia,
   142 F.3d 582 (3d Cir. 1998) ................................ 12

Smolow v. Hafer,
   353 F. Supp. 2d 561 (E.D. Pa. 2005) ........................ 9

Stump v. Sparkman,
   435 U.S. 349 (1978) ............................... 17, 18, 20

Teflabs, Inc. v. Makor Issues & Rights, Ltd.,
   551 U.S. 308 (2007) ..................................... 6, 10

United States v. Armstrong,
   517 U.S. 456 (1996) ............................... 25, 27, 36

United States v. Esposito,
   968 F.2d 300 (3d Cir. 1992) ....................... 25, 28, 36

Verizon Md., Inc. v. PSC,
   535 U.S. 635 (2002) ........................................ 35

Walker v. Horn,
   385 F.3d 321 (3d Cir. 2004) ........................... 29, 32

Wallace v. Kato,
   549 U.S. 384 (2007) ........................................ 12

Wal-Mart Stores, Inc. v. Dukes,
   564 U.S. 338 (2011) ........................................ 32

Will v. Mich. Dep't of State Police,
   491 U.S. 58 (1989) ......................................... 14

Williams v. BASF Catalysts LLC,
  765 F.3d 306 (3d Cir. 2014) ................................. 30

Yarris v. Delaware,
  465 F.3d 129 (3d Cir. 2006) ................................. 24

**Statutes**
18 U.S.C. §§ 1341 – 1351 ..................................... 36

28 U.S.C. § 1257 ............................................. 30

42 U.S.C. § 1983 ......................................... passim

**Rules**
Fed. R. Civ. P. 4 ............................................ 7

Fed. R. Civ. P. 12(b)(1) ................................. passim

Fed. R. Civ. P. 12(b)(6) ................................. passim

Fed. R. Civ. P. 23 .......................................... 32

Fed. R. Civ. P. 23(a) .................................... 7, 32

Fed. R. Civ. P. 23(b)(2) .............................. 7, 32, 33

**State Cases**
Messner v. Hajdu-Nemeth,
  2019 N.J. LEXIS 1122 (Sep. 4, 2019) .................... 6, 31

Messner v. Hajdu-Nemeth,
  No. A-5607-16T1, 2019 N.J. Super. Unpub. LEXIS 396
  (Super. Ct. App. Div. Feb. 20, 2019) .................... 6, 31

**State Statutes**
N.J. Stat. Ann. § 2A:14-2 .................................. 12

N.J. Stat. Ann. § 2C:13-4(a) ........................... 26, 27

**State Rules**
N.J. Ct. R. 4:4-4(a) ........................................ 7

## <u>PRELIMINARY STATEMENT</u>

This matter arises out of Pro se Plaintiff Stephanie Messner's allegations that Defendants violated her constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment during the course of an underlying state court Family Part matter. Plaintiff's alleged claims against State Defendants arise from alleged acts and omissions of State Defendants during the course of a state court child custody matter that began in August 2015.[1] Plaintiff alleges that by way of a final Order entered on July 25, 2017, State Defendants deprived Plaintiff of "custody, parenting time and major medical and educational decision making of [her] two minor children," as well as her right to move freely with her children within the State of New Jersey.

Plaintiff's Complaint must be dismissed with prejudice as to State Defendants pursuant to <u>Fed. R. Civ. P.</u> 12(b)(1), for lack of subject matter jurisdiction, and <u>Fed. R. Civ. P.</u> 12(b)(6), for failure to state a claim upon which relief can be granted. Preliminarily, as Plaintiff's Complaint in this matter was not

---

[1] "State Defendants" refers collectively to Defendants Honorable Douglas M. Fasciale, J.A.D., Honorable Hany A. Mawla, J.A.D., Honorable Lisa Rose, J.A.D., Honorable Kimaire Rahill, P.J.Fam., Honorable Kevin M. Shanahan, P.J.Cr., Honorable Bradford Bury, J.S.C., Honorable Kathy Qasim, J.S.C., Honorable Michael J. Rogers, J.S.C., Probation Officer Cederic Howard, Probation Officer Nicole Barracano, and Acting Assistant Prosecutor Karyn R. Weingarten.

1

filed until July 24, 2019, all alleged claims that accrued before July 24, 2017 are barred by the statute of limitations and must be dismissed with prejudice. Specifically, any claims accruing between August 3, 2015, when the post-judgment child custody litigation commenced, and July 23, 2017, are barred by the applicable two (2) statute of limitations and must be dismissed with prejudice.

Separate and apart from the above, Plaintiff's Complaint must be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(1), as State Defendants in their official capacities, are entitled to Eleventh Amendment Sovereign Immunity from suit and are not "persons" amenable to suit under 42 U.S.C. § 1983.

Furthermore, Plaintiff's Complaint must also be dismissed with prejudice as to Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers, as the Judges are entitled to absolute judicial immunity for any alleged acts or omissions taken in their judicial capacity. The only factual allegations in Plaintiff's Complaint directed at the Judges are based upon alleged acts and omissions taken by the Judges in their judicial capacity while presiding over the state court child custody proceedings. Thus, Plaintiff's alleged claims against Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers fall squarely

within the parameters of absolute judicial immunity and must be dismissed with prejudice.

Similarly, Plaintiff's Complaint must be dismissed with prejudice as to Defendants Cederic Howard and Nicole Barracano, as they are entitled to absolute quasi-judicial immunity for any alleged acts or omissions taken in their official capacities, as Child Support Enforcement and Hearing Officers.

Plaintiff's Complaint must also be dismissed with prejudice as to Defendant A.P. Karyn Weingarten as she is entitled to absolute prosecutorial immunity for any alleged claims based on her decision not to initiate a criminal prosecution against the father of Plaintiff's children for "interference with custody." Plaintiff's Complaint must also be dismissed with prejudice as to A.P. Weingarten, because Plaintiff does not have a constitutional right to obtain the criminal prosecution of another, and does not have the right to bring a direct criminal action against another person.

Notwithstanding the above, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(1), as the court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Based on the allegations in Plaintiff's Complaint, Plaintiff lost in state court proceedings and complains of injuries caused by the state court's July 25, 2017 final Order. Furthermore, Plaintiff

3

asks this court to exercise appellate review over the state court matter, and to "move" her "FD case" out of Somerset County. Thus, Plaintiff's Complaint must also be dismissed with prejudice as Plaintiff's alleged claims are barred by the Rooker-Feldman doctrine.

Lastly, Plaintiff's Complaint must also be dismissed with prejudice as it fails to state a claim for prospective injunctive relief. In sum, Plaintiff's Complaint must be dismissed with prejudice as to State Defendants pursuant to <u>Fed. R. Civ. P.</u> 12(b)(1) and 12(b)(6).

## <u>PROCEDURAL HISTORY AND STATEMENT OF FACTS</u>[2]

This matter arises out of Pro se Plaintiff Stephanie Messner's allegations that her constitutional rights were violated during the course of an underlying state court Family Part matter involving Plaintiff, Plaintiff's two (2) children, and the children's father. (<u>See</u> Dkt. 1, *generally*).

On July 24, 2019, Plaintiff filed a Complaint in the United States District Court, District of New Jersey against the Honorable Douglas M. Fasciale, J.A.D., Honorable Hany A. Mawla, J.A.D., Honorable Lisa Rose, J.A.D., Honorable Kimaire Rahill, P.J.Fam., Honorable Kevin M. Shanahan, P.J.Cr., Honorable Bradford Bury, J.S.C., Honorable Kathy Qasim, J.S.C., Honorable Michael J.

---

[2] The Procedural History and Statement of Facts have been combined to avoid repetition, as they are closely related.

4

Rogers, J.S.C., Probation Officer Cederic Howard, Probation Officer Nicole Barracano, and Acting Assistant Prosecutor Karyn R. Weingarten, ("State Defendants"), as well as Union County.[3] (See Dkt. 1).

In her Complaint, Plaintiff alleges that State Defendants violated her constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (See Dkt. 1, ¶¶2 – 8, ¶24, ¶29, ¶35, ¶¶53 – 54, ¶57, ¶¶59 – 60, ¶75). Plaintiff's alleged claims against State Defendants arise from alleged acts and omissions of State Defendants during the course of a state court child custody matter that began in August of 2015. (See Dkt. 1, *generally*; see also Dkt. ¶¶13 – 18).

On August 3, 2015, the father of Plaintiff's children, Miklos Hajdu-Nemeth, filed a motion for a change of custody of the parties two (2) children. (See Dkt. 1, ¶¶18 – 19). Plaintiff alleges that State Defendants engaged in various act and omissions during the course of the child custody proceedings that violated her constitutional rights, including failing to adjourn an August 19, 2015 hearing so that Plaintiff could obtain legal counsel, denying numerous motions and orders to show cause filed by Plaintiff, entering orders in favor of the children's father, failing to

---

[3] Plaintiff also lists Somerset County as a Defendant in the body of her Complaint, but Somerset County is not named in the caption of the Complaint. (See Dkt. 1, ¶10).

enforce court orders or to sanction the children's father, disregarding Plaintiff's experts, misapplying the relevant law, and directing local police to not allow Plaintiff to file civilian criminal complaints in the municipal court. (<u>See</u> Dkt. 1, ¶¶2 – 8, ¶¶19 – 24, ¶¶26 – 27, ¶¶33 – 36, ¶¶41 – 50, ¶¶53 – 92, ¶¶96 – 98).

On July 25, 2017, the trial court entered an Order resolving the issues of custody, parenting time, child support, and counsel fees. (<u>See</u> Dkt. 1, ¶2, ¶8, ¶50, ¶54; <u>see also</u> <u>Messner v. Hajdu-Nemeth</u>, No. A-5607-16T1, 2019 N.J. Super. Unpub. LEXIS 396 at *3 - 4 (Super. Ct. App. Div. Feb. 20, 2019)).[4] In its July 25, 2017 Order, the court designated the children's father as the parent of primary residence and designated the Plaintiff as the parent of alternate residence. <u>See</u> <u>Id.</u>

The New Jersey Superior Court Appellate Division affirmed the trial court's July 25, 2017 Order on February 20, 2019 and Plaintiff's Petition for Certification was denied by the New Jersey Supreme Court on September 4, 2019. (<u>See</u> Dkt. 1, ¶¶55 – 60; <u>see also</u> <u>Messner v. Hajdu-Nemeth</u>, No. A-5607-16T1, 2019 N.J. Super. Unpub. LEXIS 396 at *1 (Super. Ct. App. Div. Feb. 20, 2019); <u>Messner v. Hajdu-Nemeth</u>, 2019 N.J. LEXIS 1122 (Sep. 4, 2019)).

---

[4] A court may consider documents extrinsic to the complaint on a Rule 12(b)(6) motion, if they are integral to the allegations in the complaint and involve matters of which a court may take judicial notice. <u>See</u> <u>Teflabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

Plaintiff alleges that by way of the July 25, 2017 final Order, State Defendants violated her constitutional rights to "liberty, freedom, safety, parenting time, equal protection and due process" under the Fourteenth Amendment. (See Dkt. 1, ¶2). Plaintiff further alleges that State Defendants have deprived her of "custody, parenting time and major medical and educational decision making of [her] two minor children," and denied her her right to move freely with her children within the State of New Jersey. See Id.

Plaintiff asks this court to "move" her "FD case" out of Somerset County "to a county not connected in anyway to Somerset County or adjacent to Somerset County (Vicinage 13) which also includes Union County." See Id. Plaintiff also seeks declaratory and injunctive relief under Fed. R. Civ. P. 23(a) and 23(b)(2) "on behalf of all persons [sic] mothers and/or father's [sic] who have been or in the future will be deprived of child custody by Defendants without a prompt and full hearing; as well as monetary damages against the State and County Defendants..." See Id.

Summonses were issued as to all Defendants on July 24, 2019. (Dkt. 2). On September 9, 2019, Plaintiff filed a Motion for Default Judgment against State Defendants based on purported proofs of service filed by Plaintiff on August 9, 2019.[5] (See Dkts.

---

[5]  It should be noted that according to the purported proofs of service filed by Plaintiff on August 9, 2019, Defendants Hon.

3 & 6). However, Plaintiff had not filed a request for the entry of default and default had not been entered against State Defendants prior to filing of Plaintiff's Motion for Default Judgment. (See ECF Docket Civil Action No. 3:19-cv-15752). As such, the court entered a Text Order on October 4, 2019 denying Plaintiff's Motion for Default Judgment.[6] See Id. On October 8, 2019, State Defendants filed a Motion to Extend Time to Answer or otherwise plead. (See Dkt. 11).

State Defendants' Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, now follows.

---

Douglas M. Fasciale, J.A.D., Hon Hany A. Mawla, J.A.D., Hon. Lisa Rose, J.A.D., Hon. Kevin M. Shanahan, P.J.Cr., Hon. Bradford Bury, J.S.C., Hon. Kathy Qasim, J.S.C., Hon. Michael J. Rogers, J.S.C., Cederic Howard, Nicole Barracano, and Acting Assistant Prosecutor Karyn R. Weingarten, were not *personally* served with Plaintiff's Complaint as required under Fed. R. Civ. P. 4 and N.J. Ct. R. 4:4-4(a). (See Dkt. 4; Dkt. 11-2, ¶¶13 – 27, ¶31, ¶¶33 – 34; see also Fed. R. Civ. P. 4; N.J. Ct. R. 4:4-4(a)). Upon information and belief, Judge Rahill is the only State Defendant that was personally served with Plaintiff's Complaint in accordance with Fed. R. Civ. P. 4 and N.J. Ct. R. 4:4-4(a). See Id.; see also Dkt. 11-2, ¶35.

[6] The court's Text Order was received by the undersigned on October 8, 2019, as I was out of the office on Friday, October 4, 2019 and Monday, October 7, 2019 on other matters.

## STANDARD OF REVIEW

### I.    Standard of Review under Fed. R. Civ. P. 12(b)(1)

In evaluating a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction, the court must first determine whether defendant's motion attacks the complaint as deficient on its face, or whether defendant's motion attacks the existence of subject matter jurisdiction in fact. Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 514-15 (D.N.J. 2000) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

Where defendant's 12(b)(1) motion facially attacks the complaint, the Court must take all allegations in the complaint as true. Mortensen, 549 F.2d at 891. Where however, defendant attacks the Court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. Plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. Id.

9

## II.   <u>Standard of Review under Fed. R. Civ. P. 12(b)(6)</u>

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  <u>See</u> <u>Fed. R. Civ. P.</u> 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the courts must accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in plaintiff's favor.  <u>See</u> <u>Philips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation omitted); <u>Gross v. German Found. Indus. Initiative</u>, 549 F.3d 605, 610 (3d Cir. 2008), <u>cert.</u> <u>denied</u>, 129 S. Ct. 2384 (2009).  A court may consider the complaint along with exhibits attached to the complaint when reviewing a 12(b)(6) motion to dismiss.[7]  <u>See</u> <u>Pension Benefit Gaur. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations" it must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  A pleading which simply offers "'labels and conclusions' or 'a

---

[7]     Additionally, as noted above, a court may consider documents extrinsic to the complaint on a Rule 12(b)(6) motion, if they are integral to the allegations in the complaint and involve matters of which a court may take judicial notice. <u>See</u> <u>Teflabs, Inc.</u>, 551 U.S. at 322.

formulaic recitation of the elements of a cause of action' will not do." Id. A complaint must also state more than "naked assertions" which are devoid of "further factual enhancement." Id. A pro se complaint should be construed more indulgently than a complaint drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

In order for a claim to survive a 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim becomes facially plausible when, based on the factual content of the pleading, the court could draw a reasonable inference that the defendant is liable. Id. (quoting Twombly, 550 U.S. at 556). The plausibility standard requires more than simply a sheer possibility that a defendant has acted unlawfully. Id. Accordingly, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." Twombly, 550 U.S. at 555.

Furthermore, in analyzing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court need not accept as true the plaintiff's "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183- 84 (3d Cir. 2000) (citations and quotations omitted), or the plaintiff's "bald

assertions" or "legal conclusions," <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Conclusory allegations are not entitled to the assumption of truth, and a plaintiff must plead more than conclusory allegations that are merely consistent with liability in order to survive a motion to dismiss under <u>Fed. R. Civ. P.</u> 12(b)(6). <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

**ARGUMENT**

**POINT I**

**ANY CLAIMS ACCRUING BEFORE JULY 24, 2017 ARE BARRED BY THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED WITH PREJUDICE.**

As Plaintiff's Complaint in this matter was not filed until July 24, 2019, all alleged claims that accrued prior to July 24, 2017 are barred by the statute of limitations and must be dismissed with prejudice. It is well established that because the federal civil rights laws do not contain a specific statute of limitations for § 1983 actions, the federal courts must look to the relevant state statute of limitations for personal injury claims. <u>Sameric Corp., Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582 (3d Cir. 1998). The court looks "to the law of the State in which the cause of action arose . . . for the length of the statute of limitations." <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Section 1983 claims are governed by the appropriate State's limitations period for personal injury torts. <u>Id.</u> New Jersey has a two-year statute of

12

limitations for personal injury claims. <u>N.J. Stat. Ann.</u> § 2A:14-2.

However, "the accrual date for a § 1983 claim is a question of federal law that is *not* resolved by reference to state law." <u>Wallace</u>, 549 U.S. at 388 (emphasis in original). Accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." <u>Id.</u> "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." <u>Sameric Corp.</u>, 142 F.3d at 599.

In the present case, as Plaintiff's Complaint in this matter was not filed until July 24, 2019, all alleged claims that accrued before July 24, 2017 are barred by the statute of limitations and must be dismissed with prejudice. Based on the allegations in Plaintiff's Complaint the crux of Plaintiff's alleged claims against State Defendants is that State Defendants violated Plaintiff's constitutional rights during the course of post-judgment proceedings in a state court Family Part matter beginning on August 3, 2015. (<u>See</u> Dkt. 1, *generally*).

Specifically, Plaintiff alleges that on August 3, 2015, the father of her children filed a motion for a change of custody based on Plaintiff's move from South Bound Brook to Garwood, New Jersey. (<u>See</u> Dkt. 1, ¶18). All of Plaintiff's alleged claims against Judge Shanahan and Judge Mawla, with the exclusion of Judge Mawla's July

25, 2017 Order, arise from Orders and decisions made by the Judges during the course of the child custody proceedings between August 3, 2015 and March 28, 2017. (See Dkt. 1, ¶8, ¶¶19 – 27, ¶¶33 – 43). Thus, as Plaintiff's Complaint in this matter was not filed until July 24, 2019, any claims accruing between August 3, 2015, when the post-judgment child custody litigation commenced, and July 23, 2017, are barred by the applicable two (2) statute of limitations and must be dismissed with prejudice.

**POINT II**

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITH PREJUDICE AS TO STATE DEFENDANTS, AS STATE DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.**

Separate and apart from the above, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(1), as State Defendants in their official capacities, are entitled to Eleventh Amendment Sovereign Immunity from suit and are not "persons" amenable to suit under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. Will v. Mich. Dep't of State Police, 491 U.S. 58, 60 (1989). The Court in Will concluded that as a matter of statutory construction, a State is not a "person"

14

within the meaning of 42 U.S.C. § 1983. Id. at 64-65. The Supreme Court's holding in Will includes state and governmental entities that are considered an "arm of a State."  Id. at 70.

Furthermore, the Supreme Court in Will definitively held that a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. Id. at 71, (quoting Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, a suit against a state official in his or her official capacity is no different from a suit against the State itself, and the state official in his or her official capacity is also not a "person" amenable to suit under 42 U.S.C. § 1983. Id. at 71 (quoting Brandon, 469 U.S. at 471).

The Supreme Court in Will also held that Eleventh Amendment Sovereign Immunity protects states from liability under § 1983, as well as state agencies and state officials being sued in their official capacity. Id. The Court reasoned that plaintiffs should not be able to circumvent sovereign immunity by simply suing state officials or agencies, as in either instance the state itself ultimately bears the financial burden.  Id. (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)).

Notably, the Supreme Court of New Jersey, its agencies, and employees enjoy Eleventh Amendment Sovereign Immunity. See Hunter v. Supreme Court, 951 F. Supp. 1161, 1177 (D.N.J. 1996). "The Supreme Court of New Jersey is protected by the state's sovereign

immunity because 'the judicial branch is an integral part of the state of New Jersey.'" Id. (quoting Johnson v. State of New Jersey, 869 F. Supp. 289, 296-97 (D.N.J. 1994)). Additionally, the New Jersey County Prosecutor's Offices and their employees are agents and employees of the State of New Jersey when engaged in their prosecutorial and law enforcement functions. See Coleman v. Kaye, 87 F.3d 1491, 1499 (3d Cir. 1996), cert. denied, 519 U.S. 1084 (1997).

Here, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants, as State Defendants in their official capacities, are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under 42 U.S.C. § 1983. Specifically, based on the Court's holding in Will, 491 U.S. at 71, State Defendants, as state officials sued in their official capacities, are not "persons" amenable to suit under § 1983 and are also entitled to Eleventh Amendment Sovereign Immunity from suit in federal court. Thus, Plaintiff's Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), as State Defendants are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amenable to suit under § 1983.[8]

---

[8]   It should also be noted that State Defendants cannot be held liable under Section 1983 based on a theory of *respondeat superior*. See Rode v. Dellarciprete, 845 F.2d 1195, 1197 (3d Cir. 1988) (because a defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*). Thus,

<u>**POINT III**</u>

**PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE AS TO JUDGES FASCIALE, MAWLA, ROSE, RAHILL, SHANAHAN, BURY, QASIM, AND ROGERS, AS THE JUDGES ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.**

Plaintiff's Complaint must also be dismissed with prejudice as to Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers, as the Judges are entitled to absolute judicial immunity for all alleged acts or omissions taken in their judicial capacity. As early as 1872, the Supreme Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).

The Supreme Court in <u>Stump</u>, 435 U.S. at 355-56, found that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Id.</u> The Court further acknowledged that the doctrine of judicial immunity was applicable

---

"[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." <u>Estate of Smith v. Marasco</u>, 430 F.3d 140, 151 (3d Cir. 2005).

in suits for violations of plaintiffs' rights under 42 U.S.C. § 1983. Id. (citing Pierson v. Ray, 386 U.S. 547 (1967)).

Judicial immunity has been fashioned "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson, 386 U.S. at 554. The doctrine is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. Id. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." Forrester v. White, 484 U.S. 219, 226-27 (1988).

Accordingly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-57. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. at 362. Furthermore, judicial immunity attaches

18

even to conduct "in excess of [the judge's] authority." Id. at 356.

Additionally, "judicial immunity, like other forms of official immunity, is an immunity from suit, not just from the ultimate assessment of damages; accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. at 9.

In the present case, Plaintiff's Complaint must also be dismissed with prejudice as to Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers, as the Judges are entitled to absolute judicial immunity for all alleged acts or omissions taken in their judicial capacity. Plaintiff's alleged claims against Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers are based upon alleged acts and omissions taken by the Judges in their judicial capacity while presiding over state court child custody proceedings involving Plaintiff, her ex-husband, and their two (2) children. (See Dkt. 1, ¶8, ¶¶19 – 24, ¶¶26 – 27, ¶¶33 – 43, ¶¶46 – 50, ¶¶53 – 92, ¶9).

Based on the allegations in Plaintiff's Complaint, Plaintiff is dissatisfied with several Orders entered and numerous decisions made by the Judges during the course of the state court child custody proceedings. See Id. Plaintiff alleges that trial court Judges Mawla, Shanahan, Bury, Qasim, Rogers, and Rahill entered

19

improper Order and made incorrect decisions pertaining to the child custody proceedings, which were subsequently upheld by Appellate Division Judges Fasciale and Rose. See Id.

Plaintiff alleges that the Judges improperly denied her motions, orders to show cause, and requests during the course of the child custody proceedings while granting her ex-husband's motions and requests. See Id. Plaintiff asserts that the Judges' Orders and decisions permitted her ex-husband to withhold their children from her for seven (7) to eight (8) months. See Id. Plaintiff further alleges that the Judges failed to sanction her ex-husband or to enforce court orders, conducted impromptu hearings, disregarded expert testimony, and improperly transferred custody of the children to her ex-husband. See Id.

Significantly, the only allegations in Plaintiff's Complaint directed at Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers are based upon alleged acts and omissions taken by the Judges in their judicial capacity while presiding over the state court child custody proceedings. See Id. Additionally, according to the allegations in Plaintiff's Complaint, Plaintiff interacted with Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers solely in their judicial capacities. Id. Put simply, Plaintiff's alleged claims against Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers fall

squarely within the parameters of absolute judicial immunity and must be dismissed with prejudice.

Lastly, based on the Supreme Court's holding in <u>Stump</u>, 435 U.S. at 356-57, even where Plaintiff alleges that the Judges acted erroneously, maliciously, or in excess of their authority, the Judges remain entitled to absolute judicial immunity. In sum, Plaintiff's Complaint must also be dismissed with prejudice as to Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers, as the Judges are entitled to absolute judicial immunity.

<u>**POINT IV**</u>

**PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE, AS TO DEFENDANTS CEDERIC HOWARD AND NICOLE BARRACANO, AS DEFENDANTS HOWARD AND BARRACANO ARE ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY.**

Similarly, Plaintiff's Complaint must be dismissed with prejudice as to Defendants Howard and Barracano, as they are entitled to absolute quasi-judicial immunity for any alleged acts or omissions taken in their official capacities. Under quasi-judicial immunity, judiciary employees carrying out functions intimately associated with the judicial process are also entitled to absolute immunity. <u>Briscoe v. Lahue</u>, 460 U.S. 325, 326 (1983). In light of common-law immunity principles, 42 <u>U.S.C.</u> § 1983 does not impose liability on judges, prosecutors, witnesses, and public officials acting under color of law who perform official functions

in the judicial process. Id. As its name suggests, "quasi-judicial" immunity is a doctrine under which government actors whose acts are relatively similar to judging are immune from suit. Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006).

Additionally, individuals charged with the duty of carrying out facially valid court orders enjoy quasi-judicial absolute immunity from liability for damages in a suit challenging conduct prescribed by that order. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); see also McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992) (holding that a prison physician who prepared an evaluation of an inmate pursuant to a judge's request was "functioning as an arm of the court" and "[a]s such, he was an integral part of the judicial process and is protected by the same absolute judicial immunity that protects" the judge); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir.1967) (holding that judiciary employees executing judicial orders are immune from suit).

In the present case, Plaintiff's Complaint must also be dismissed with prejudice as to Defendants Howard and Barracano, as they are entitled to absolute quasi-judicial immunity for any alleged acts or omissions taken in their official capacities during the course of the underlying state court Family Part matter. See Briscoe, 460 U.S. at 326. Plaintiff's alleged claims against

Defendants Howard and Barracano are based on their enforcement of valid child support Orders entered by the court during the course of the child custody proceedings. (See Dkt. 1, ¶¶97 – 98). As Child Support Enforcement and Hearing Officers for the New Jersey Superior Court Somerset Vicinage Probation Division, Defendants Howard and Barracano are charged with carrying out facially valid court orders and enjoy absolute quasi-judicial immunity in a suit challenging conduct prescribed by such orders. See Id.; see also Briscoe, 460 U.S. at 326.

Therefore, as Plaintiff's claims against Defendants Howard and Barracano are based upon alleged acts and omissions taken in their official capacities as Child Support Enforcement and Hearing Officers, Howard and Barracano are entitled to absolute quasi-judicial immunity and Plaintiff's Complaint must be dismissed with prejudice. See Id.

**POINT V**

**PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE AS TO A.P. KARYN R. WEINGARTEN AS DEFENDANT WEINGARTEN IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.**

Plaintiff's Complaint must also be dismissed with prejudice as to Defendant A.P. Karyn Weingarten as she is entitled to absolute prosecutorial immunity for any alleged acts and omissions taken in her prosecutorial capacity. It is a long held rule that prosecutors enjoy absolute immunity from liability in civil suits

for actions taken in their role as prosecutors. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). Such immunity is founded in the concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 423.

Moreover, if subject to suit, the prosecutor would become "constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." Id. at 424-25. Indeed, "[s]uch suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." Id. at 425.

To that end, absolute immunity applies to all activities that are "intimately associated with the judicial process," and shields a prosecutor from liability for any and all alleged wrongdoing that the prosecutor is alleged to have committed while an advocate for the state. Imbler, 424 U.S. at 430. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or in preparation for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Stated differently, prosecutorial immunity extends to any

and all purported wrongdoing that a prosecutor is alleged to have committed in his or her prosecutorial capacity. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).

The Supreme Court has recognized that the decision to initiate a prosecution is at the core of a prosecutor's judicial role. Imbler, 424 U.S. at 430-31. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred. Kulwicki, 969 F.2d at 1463-64. Moreover, prosecutorial immunity protects the decision to initiate a prosecution even where malice is alleged. Kulwicki, 969 F.2d at 1463-64; see also Yarris v. Delaware, 465 F.3d 129, 139 (3d Cir. 2006).

In Imbler, the Court held that a prosecutor is absolutely immune for initiating a prosecution and for presenting the State's case and that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution." Id. at 431. In Burns v. Reed, 500 U.S. 478, 492 (1991), the Court held that conduct which falls within the ambit of absolute prosecutorial immunity includes actions preliminary to the initiation of a criminal prosecution, such as conduct before grand juries, appearances in court in support of applications for search warrants, and presentation of evidence at such a hearings. Burns, 500 U.S. at 492; see also Forsyth v. Kleindienst, 599 F.2d 1203, 1215 (3d Cir. 1979) (prosecutorial immunity encompasses a

prosecutor's conduct in securing the necessary information upon which to initiate a prosecution).

Furthermore, it is clear that the decision of whether or not to initiate a prosecution rests in the discretion of the prosecutor. United States v. Armstrong, 517 U.S. 456, 464 (1996); United States v. Esposito, 968 F.2d 300, 306 (3d Cir. 1992). In other words, the Constitution does not confer on one person the right to obtain the criminal prosecution of another. See Id.; see also Maine v. Taylor, 477 U.S. 131, 137 (1986) ([i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person).

Here, Plaintiff's Complaint must also be dismissed with prejudice as to the Defendant A.P. Weingarten as she is entitled to absolute prosecutorial immunity. Preliminarily, it should be noted that the allegations in the Plaintiff's Complaint directed at A.P. Weingarten constitute conclusory assertions and legal conclusions, which are not entitled to an assumption of truth and are insufficient to state a cognizable claim against Defendant Weingarten. (See Dkt. 1, ¶44).

Additionally, the only factual allegation in Plaintiff's Complaint directed at Defendant A.P. Weingarten is that A.P. Weingarten directed local police officers not to allow Plaintiff

to file civilian criminal complaints for "interference with custody" under N.J. Stat. Ann. § 2C:13-4(a), in the municipal court.[9] (See Dkt. 1, ¶44). Plaintiff also alleges that A.P. Weingarten failed "to respond to letters and exhibits of [sic] Court Orders that were faxed to her office on multiple occasions..." See Id. Thus, the crux of Plaintiff's alleged claim against Defendant A.P. Weingarten is that A.P. Weingarten failed to initiate a criminal prosecution upon Plaintiff's request and failed to allow Plaintiff to initiate a citizen's criminal prosecution for "interference with custody" under N.J. Stat. Ann. § 2C:13-4(a). See Id.

First, based on the Supreme Court's holding in Imbler, A.P. Weingarten is entitled to absolute prosecutorial immunity for any alleged claims based on her decision not to initiate a criminal prosecution upon Plaintiff's request. Imbler, 424 U.S. at 430-31; Armstrong, 517 U.S. at 464. Thus, Plaintiff's Complaint must also be dismissed with prejudice as to Defendant Weingarten as Plaintiff's alleged claims against A.P. Weingarten fall squarely within the parameters of absolute prosecutorial immunity.

---

[9]   It should also be noted that Plaintiff also asserts that the local police department denied any involvement by A.P. Weingarten in their alleged refusal to permit Plaintiff to file citizen complaints under N.J. Stat. Ann. § 2C:13-4(a). (See Dkt. 1, ¶44).

Additionally, Plaintiff's Complaint must be dismissed with prejudice as to Defendant Weingarten for failure to state a claim upon which relief can be granted as Plaintiff does not have a constitutional right to obtain the criminal prosecution of another, and as a private citizen, does not have the right to bring a direct criminal action against another person.[10] See Armstrong, 517 U.S. at 464; see also Taylor, 477 U.S. at 137; Esposito, 968 F.2d at 306.

### POINT VI

**PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(1), AS PLAINTIFF'S CLAIMS ARE BARRED UNDER THE *ROOKER-FELDMAN* DOCTRINE.**

Separate and apart from the above, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P. 12(b)(1), as the court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits a federal court

---

[10]    Even assuming *arguendo* that A.P. Weingarten was not entitled to absolute prosecutorial immunity, Plaintiff's Complaint must still be dismissed with prejudice, as A.P. Weingarten is entitled to qualified immunity from suit where Plaintiff's Complaint fails to contain any factual allegations to state a claim against Defendant Weingarten for a violation of Plaintiff's constitutional rights. See Dkt. 1, ¶44; see also Ashcroft v. al-Kidd, 563 U.S. 731 (2011) ("Qualified immunity shields government officials "from civil liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.").

from reviewing the final determinations of a state court. Grey v. New Jersey, 91 F. App'x 747, 749 (3d Cir. 2003) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (holding that a lower federal court "has no authority to review final judgments of a state court in judicial proceedings"); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors").

A lower federal court has no authority to review final judgments of a state court in judicial proceedings. Id. "The fundamental principle of the *Rooker-Feldman* doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings." Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004) (citing Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 179 (3d Cir. 1992)).

*Rooker-Feldman* deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP,

615 F.3d 159, 166 (3d Cir. 2010) (quoting <u>Exxon Mobil Corp. v.</u> <u>Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).

In a recent decision, the Third Circuit Court of Appeals adopted the "practical finality" approach prescribed by the court in <u>Federacion de Maestros de Puerto Rico v. Junta de Relaciones</u> <u>del Trabajo de Puerto Rico</u>, 410 F.3d 17 (1st Cir. 2005) to determine when an order is a final judgment for purposes of the *Rooker-Feldman* doctrine. <u>See</u> <u>Malhan v. Sec'y United States Dep't</u> <u>of State</u>, 938 F.3d 453, 459 (3d Cir. 2019) (citing <u>Federacion de</u> <u>Maestros de Puerto Rico</u>, 410 F.3d at 24). The court in Malhan outlines the three situations in which a state court order is considered a final judgment under the Rooker-Feldman doctrine. <u>See</u> <u>Id.</u>

"The first is when 'the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved.'" <u>Id.</u> Then the order is a final judgment rendered by the highest court of a State in which a decision could be had under 28 <u>U.S.C.</u> § 1257. <u>Id.</u> "The United States Supreme Court has exclusive jurisdiction in those cases, and the state proceedings have ended." <u>Id.</u> The second situation is when the state matter has reached a point where neither party seeks further action. <u>Id.</u> "Lastly, there is a Rooker-Feldman judgment when a state proceeding has finally resolved all the federal questions in the litigation,

even though state law or purely factual questions remain to be litigated." Id.

*Rooker-Feldman* aims to preserve the hierarchy of appellate review in state court systems by precluding lower federal courts from effectively exercising appellate jurisdiction over final state-court judgments: "such appellate jurisdiction rests solely with the United States Supreme Court." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); see also Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014). Where a court determines that it lacks subject matter jurisdiction, it has no authority to decide the case on the merits. Grey, 91 F. App'x at 750.

In the present case, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants, as Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. As noted above, Plaintiff's alleged claims against State Defendants arise from Plaintiff's dissatisfaction with several orders entered in an underlying state court Family Part matter, including the final Judgment entered by the trial court on July 25, 2017 designating the children's father as the parent of primary residence and designating Plaintiff as the parent of alternate residence. (See Dkt. 1, *generally*).

The trial court's July 25, 2017 Judgment was affirmed by the New Jersey Superior Court Appellate Division on February 20, 2019, and Plaintiff's Petition for Certification to the New Jersey

31

Supreme Court was denied on September 4, 2019. See Messner v. Hajdu-Nemeth, No. A-5607-16T1, 2019 N.J. Super. Unpub. LEXIS 396 (Super. Ct. App. Div. Feb. 20, 2019); see also Messner v. Hajdu-Nemeth, 2019 N.J. LEXIS 1122 (Sep. 4, 2019).

Based on the allegations in Plaintiff's Complaint, Plaintiff lost in state court proceedings and complains of injuries caused by the state court's July 25, 2017 Judgment. (See Dkt. 1, ¶2). Pursuant to the court's holding in Malhan, the trial court's July 25, 2017 Judgment is a final judgment under Rooker-Feldman, as the Judgment was affirmed by the New Jersey Superior Court, Appellate Division and the New Jersey Supreme Court denied Plaintiff's Petition for Certification. Malhan, 938 F.3d at 459. Additionally, the state court Judgment was entered before Plaintiff commenced these federal proceedings. (See Dkt. 1, ¶2).

Furthermore, Plaintiff asks this court to exercise appellate review over the state court Family Part matter, and to "move" her "FD case" out of Somerset County to "a county not connected in anyway to Somerset County or adjacent to Somerset County (Vicinage 13) which also includes Union County." See Id. However, a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings. See Walker, 385 F.3d at 329.

Thus, Plaintiff's Complaint must also be dismissed with prejudice as to State Defendants pursuant to Fed. R. Civ. P.

12(b)(1), as the court lacks subject matter jurisdiction over Plaintiff's alleged claims under the *Rooker-Feldman* doctrine.

**POINT VII**

**PLAINTIFF'S COMPLAINT MUST ALSO BE DISMISSED
WITH PREJUDICE AS PLAINTIFF FAILED TO STATE A
CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF.**

Plaintiff's Complaint must also be dismissed with prejudice as it fails to state a claim for prospective injunctive relief.[11] In her Complaint, Plaintiff asks this court to "move" her "FD case"

---

[11] Insofar as Plaintiff seeks certification as a class action and declaratory or injunctive relief pursuant to Fed. R. Civ. P. 23, such requests must be denied as Plaintiff fails to meet any of the prerequisites to bring a class action under Fed. R. Civ. P. 23. See Fed. R. Civ. P. 23(a), 23(b)(2); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 338 (2011) ("Class certification is governed by Fed. R. Civ. P. 23. Under Rule 23(a), the party seeking certification must demonstrate, first, that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). Rule 23(b)(2) applies when the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.").

Additionally, Plaintiff lacks standing to assert claims on behalf of "all persons [sic] mothers and/or father's [sic] who have been or in the future will be deprived of child custody by Defendants without a prompt and full hearing." Pa. Psychiatric Soc'y v. Green Spring Health Servs., 280 F.3d 278, 280 (3d Cir. 2002) ("[i]t is a well-established tenet of constitutional standing doctrine that a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

out of Somerset County to "a county not connected in anyway to Somerset County or adjacent to Somerset County (Vicinage 13) which also includes Union County." (See Dkt. 1, ¶2). Plaintiff also seeks "declaratory and injunctive relief under the Federal Rule [sic] of Civil Procedure 23(a) and (b)(2) on behalf of all persons [sic] mothers and/or father's [sic] who have been or in the future will be deprived of child custody by Defendants without a prompt and full hearing..." See Id.

However, the Eleventh Amendment bars claims against the State and its agencies for injunctive relief. See Cory v. White, 457 U.S. 85, 91 (1982). Furthermore, Plaintiff cannot bring a claim for injunctive relief against Judges Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, and Rogers, or Probation Officers Howard and Barracano, as judicial officers in their judicial capacity. Notably, 42 U.S.C. § 1983 was amended in 1996 "to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006).

Thus, Plaintiff's Complaint must also be dismissed with prejudice, as Plaintiff cannot bring a claim for injunctive relief against Defendants Fasciale, Mawla, Rose, Rahill, Shanahan, Bury, Qasim, Rogers, Howard, and Barracano for alleged acts or omissions

taken in their judicial capacity. See Id. at 303 (affirming dismissal of claim for injunctive relief where plaintiff failed to allege violation of a declaratory decree or that declaratory relief was unavailable, and "because the injunctive relief sought by [plaintiff] does not address the actions of [the state court judge] other than in his judicial capacity").

Additionally, a claim for injunctive relief can only be brought against A.P. Weingarten if it seeks prospective injunctive relief. See Cory v. White, 457 U.S. 85, 91 (1982) see also Ex parte Young, 209 U.S. 123 (1908). Plaintiff's claim does not.

In Ex parte Young, the Supreme Court carved out a limited exception to Eleventh Amendment immunity by permitting citizens to sue state officials when the litigation seeks prospective injunctive relief in order to end continuing violations of federal law. Quern v. Jordan, 440 U.S. 332, 337 (1979) (citing Ex parte Young, 209 U.S. at 123); Balgowan v. New Jersey, 115 F.3d 214, 217 (3d Cir. 1997). Plaintiffs requesting prospective injunctive relief "must allege a real and immediate threat of future injury." Doe v. Div. of Youth & Family Servs., 148 F. Supp. 2d 462, 478 (D.N.J. 2001) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).

To determine whether Ex parte Young applies, a court employs a two-part test: (1) does the complaint allege an ongoing violation of federal law, and (2) is the relief sought properly categorized

35

as prospective? <u>Verizon Md., Inc. v. PSC</u>, 535 U.S. 635, 645 (2002); <u>see</u> <u>also</u> <u>Guardians Ass'n v. Civil Serv. Comm'n</u>, 463 U.S. 582, 584 (1983) (holding that relief in the form of money or otherwise based on past violations of federal law is not properly categorized as prospective relief and must be withheld).

Here, Plaintiff's Complaint must also be dismissed with prejudice as to A.P. Weingarten, as it fails to state a claim against Defendant Weingarten for prospective injunctive relief. Plaintiff's Complaint fails to contain any factual allegations to state a claim against Defendant Weingarten for a continuing violation of federal law. Additionally, Plaintiff's Complaint does not contain any factual allegations to show a real and imminent threat of future harm. (<u>See</u> Dkt. 1, *generally*). Rather, Plaintiff's claims are based on allegations of past violations of Plaintiff's constitutional rights by allegedly preventing Plaintiff from instituting a criminal prosecution against her ex-husband. (<u>See</u> Dkt. 1, ¶¶44). Thus, Plaintiff's Complaint must also be dismissed as to A.P. Weingarten as it fails to state a claim against Defendant Weingarten for prospective injunctive relief.[12]

---

[12]   Lastly, insofar as Plaintiff is attempting to assert a claim against State Defendants for Mail Fraud under 18 <u>U.S.C.</u> §§ 1341 – 1351, such a claim must be dismissed with prejudice as 18 <u>U.S.C.</u> §§ 1341 – 1351 does not provide a private civil cause of action for Mail Fraud. <u>See</u> Dkt. 1, ¶¶93 – 95; <u>see</u> <u>also</u> 18 U.S.C. §§ 1341 – 1351. Furthermore, as a private citizen, Plaintiff does not have the right to bring a direct criminal action against

## CONCLUSION

Based upon the foregoing reasons, it is respectfully requested that the court grant the State Defendants' Motion to Dismiss Plaintiff's Complaint, and dismiss Plaintiff's Complaint as to Defendants Honorable Douglas M. Fasciale, J.A.D., Honorable Hany A. Mawla, J.A.D., Honorable Lisa Rose, J.A.D., Honorable Kimaire Rahill, P.J.Fam., Honorable Kevin M. Shanahan, P.J.Cr., Honorable Bradford Bury, J.S.C., Honorable Kathy Qasim, J.S.C., Honorable Michael J. Rogers, J.S.C., Probation Officer Cederic Howard, Probation Officer Nicole Barracano, and Acting Assistant Prosecutor Karyn R. Weingarten, *with prejudice*.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Ashley L. Costello
Ashley L. Costello (107192015)
Deputy Attorney General

DATED: November 29, 2019

---

another person. See Id.; see also Armstrong, 517 U.S. at 464; Taylor, 477 U.S. at 137; Esposito, 968 F.2d at 306.