STEPHANIE MESSNER, PRO SE
447 4TH AVENUE
GARWOOD, NJ 07027

CLERK
U.S. DISTRICT COURT

## U.S. DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE MESSNER<br><br>Plaintiff,<br>v.<br><br>KARYN R. WEINGARTEN, IN HER OFFICIAL CAPACITY OF UNION COUNTY ASSISTANT PROSECUTOR, ET AL<br><br>Defendants. | Civil Action No:<br>3:19-cv-15752<br><br>**ORDER TO SHOW CAUSE**<br><br>MOTION SEEKING INJUNCTIVE RELIEF TO RESTRAIN SOMERSET COUNTY OFFICIALS FROM INCARCERATION, ARREST AND HARASSMENT |

5/4/2023

Dear Your Honor, Michael A. Shipp,

I am writing to you to address an issue and ask you for an ORDER that protects me from ongoing harassment and retaliation of the Somerset County Probation Department and any Judges that partake in harassing me and incarcerating me under false pretenses. I need an ORDER OF PROTECTION and a CHANGE IN VENUE to get my case out of Somerset County and I have been pleading for this relief because I continue to be retaliated against for bringing attention to this case before Your Honor. I had initially made Your Honor Goodman aware of this need to bring my case to Union County where I reside. The first retaliation began when Hon. Freda Wolfson dismissed the case on the Judicial and probation Department litigants/Defendants based on the Eleventh Amendment which then resulted in using my family court case to impute large sums of money that were parochial school tuition the adversary was

1

asking me to pay as child support arrears to me jump started by Judge Kimarie Rahil, Christine Reilly of the Probation Department and Judge Suh who replaced Kimarie Rahill and issued the order on 10/07/2023 without a hearing or input from me and in my absence. The most recent retaliation against me for filing in regards to this case came on 5/1/2023 when I was falsely accused, arrested, incarcerated based on a false pretense that I was not in compliance with child support payments which was not true and was in fact false and when I provided receipts they acknowledged it and incarcerated me anyway. Around 2:00 pm, I was picked up 4 houses away from where I live in front of my child, her boyfriend and neighbors in Westfield by the Westfield Police Department **(See pages 1-2 attached)**. I requested to call my attorney but was forced to wait until after 4:00 pm when the courts were closed and I was told I would have to wait until the next day.

    I was handcuffed, detained and booked in Westfield without ever being informed or read my Miranda rights and detained to wait for the Sheriff's Department of Somerset County to pick me up. When I asked to go to the bathroom the Police officer stated that there was no woman around and that I would have to wait until the Sheriff's Department arrived to take me to the Somerset County Jail in order to go to the bathroom which wasn't until later that night and when they arrived again I was able to finally go to the bathroom because one officer was a woman, and I was patted down and handcuffed again.

    When I arrived at the county jail, I was patted down again at the jail and was forced to stand in an irradiating body scanner without informed consent and against my will with the threat of disciplinary action against me if I did not go into the irritating body scanner. I was detained under false pretenses and forced to spend a night in a filthy jail cell as punishment. I am a very religious person and I was denied a change of a room and a bible. The entire time I was stripped

of my jewelry, clothes, my cell phone and all my cash which was $197.65 which was never given back to me and left penniless upon being released from jail.

## STATEMENT OF FACTS

1.) On 4/12/2023, I paid $608.00 of child support which was regular payment plus payment on arrears **(See page 3).**

2.) On 4/19/2023 I filed a Letter to the Court regarding status of service on additional defendants along with a Motion to Dismiss on all additional Defendants except County prosecutors Karyn Weingarten, Yoana Yankova and the NJ State Board of Psychological examiners and agents such as Michael Walker, Endira Nunez and current Executive Director **(See last transaction in Pacer, court date scheduled for 5/15/2023 before Your Honor).**

3.) Within 6 days, on 4/25/2023, Stacey Devries, Probation Child Support Manager of Somerset County Probation Department and Judge Bradford Bury, a direct Defendant in this case issued both a bench warrant AND a COURT ORDER issuing a warrant for my arrest for failure to comply with court order related to child support. It is important to note that Nicole Barracano and Cederic Howard in their capacity of Somerset County Probation Department were also direct Defendants in this case and they represent the Somerset County Probation Department **(See pages 4-6)..**

4.) On Friday, April 28th at 8:30pm at night I received the notice of the bench warrant which said that the office would be open from Monday through Friday between the hours of 8:30am and 4:00 pm. It states in the letter "Failure to respond to this matter will result in arrest and incarceration" **(See page 6).**

5.) On Monday, 5/1/2023 at 8:30 am I called to address the issue to prevent the threat or action taken to have me arrested and incarcerated and spoke multiple times with Retired Captain Dickey who instructed me to send Maria Holovacko and email in which I informed both of them that I had recently on 4/12/2023 paid child support in the amount of $608.00 **(pg. 3).**

6.) Monthly payment was agreed upon between me and the probation department. The court order of 10/07/2020 states my weekly payment is only $95.00 per week and another $45.00 per week was added by probation to pay on the arrears **(See page 7.).**

7.) The 608.00 I paid on 4/12/2023 is well above regular payment and payment on arrears. Marie Holovacko refused to remove the bench warrant and disregard my overpayment of child support and arrears and DEMANDED I pay $1200.00 immediately (see voicemail of Mr. Dickey transcribed). I had called the sheriff's office to speak to Mr. Dickey and I told him that I don't have the money and told him that I can make another child support payment in two weeks **(See transcription of Voicemail 5/1/2023 8:49 am pg. 8 + Holovacko email 9-12).**

8.) I thought I took care of this matter however, I was pulled over 4 houses from my home with my 22 year old child in my car along with her new boyfriend, I was detained as more police cars arrived, wasn't told that I was being arrested as I was discussing this matter until I was asked to put my hands on the back of the car and handcuffed and brought to Westfield Police station where I was not read my Miranda rights, denied immediate phone call to my attorney until 4:30 pm when all the courts were closed.

9.) I was picked up at the Westfield Police Station by Somerset County Sheriff's officers, patted down, handcuffed and brought to Somerset County Jail, I was incarcerated and

4

10.) I was forced to stand in an irradiating body scanner that emits radiation against my will and without informed consent. I was told to read the wall which said that if I do not go into the irradiating scanner to make sure I don't have contraband, I will face disciplinary action.

11.) I was placed in a filthy jail cell that was not cleaned from the previous inmate who left feces, and what looked like Phlegm in the toilet along with her private paperwork of violating restraining orders on the desk in the room. I was given 2 torn pieces of a sheet and two odorous wool blankets that irritated my skin.

12.) I was without my CPAP for OSA and was woken up at 3:00 am to see the nurse who took my blood pressure which was at that time 168/120 and was given 0.1 mg of Clonidine medicine to lower my blood pressure.

13.) I was denied my phone, my belongings, and the ability to make phone calls within reasonable time. I was detained and incarcerated for over 24 hours. I missed my first class at Kean University along with an important job interview for employment on 5/2/2023. I have suffered irreparable damage from fear of a rogue Judge and probation department seeking revenge and retaliation. AT NO TIME I was read or informed of my MIRANDA RIGHTS during my arrest and incarceration.

14.) On May 2, 2023, I thought that I would be able to go before another Judge however, It was only a phone call from a nice man, "Joe", at the probation department who said that I can be released that day if I agree to pay $380.00 by May 16th, 2023. I told him that I was going to make a payment at that time anyway, and for $608.00 that I borrowed to pay down the arrears and not $380.00 **(See RECORD OF DISPOSITION pg. 12).**

5

15.) I told "Joe" of the Probation Department, that I was speaking to via booth on phone call, that I spoke to Retired Captain Dickey earlier the day of the arrest that I could make another child support payment in two weeks which would be around May 15th, 2023 which was relayed back to Marie Holovacko who denied it and so why did they deny my request at that time to prevent my arrest but offer me this as a settlement after the arrest and incarceration? I asked him why I was arrested and he said he didn't know. I asked him why Judge Bury issued and signed the order to arrest me and he said he did not know.

16.) At the time I was released, **I was informed by the discharging officer that they confiscated all the cash of $197.65** that was taken out of my wallet, money that I came in with and was left penniless as I was being whisked out of the police station so fast I was unable to obtain copies of my signed paperwork. I was told the probation took my money and was using it to go to child support! That was not in my agreement, never mentioned during the phone call with "Joe" from the probation department and the officer shrugged and told me that they did that to a few other people too as I was leaving. They took all my cash left me penniless even though we had the agreement to pay 380.00 5/16 and that I had already paid child support in full with arrears on 4/12/2023.

17.) The pretense for the order to arrest me was false because I was in compliance with the court order, I was making payments for child support and I was also paying on the arrears. The action of Marie Holovacko on behalf of the Somerset County Probation department meets the criteria for false imprisonment, harassment

6

## LEGAL ARGUMENT & CASE LAW

According to the Cornell Law School's The Legal Information Institute (LII) which was founded in 1992 by co-directors Thomas R. Bruce and Peter W. Martin (now Director Emeritus, respectively), "A person commits false imprisonment when they engage in the act of restraint on another person which confines that person in a restricted area. False imprisonment is an act punishable under criminal law as well as under tort law. Under tort law, it is classified as an intentional tort."

Prima Facie Case

The defendant willfully acts . . .

1.) intending to confine the plaintiff without the plaintiff's consent and

2.) without the authority of law,

3.) the defendant's act causes the plaintiff's confinement,

4.) the plaintiff is aware of the confinement

Bounded Area

An act of restraint can be a physical barrier (such as a locked door), the use of physical force to restrain, a failure to release, or an invalid use of legal authority. An area is only bounded if freedom of movement is limited in all directions. If there is a reasonable means of escape from the area, the area is not bounded. However, if the means of escaping will result in the risk of

physical harm to the detainee, then the area is bounded. Further, threatening to harm the detainee's family if the detainee leaves would also result in the area being bounded.

Threats of False Imprisonment

Threats of immediate physical force may also be sufficient to be acts of restraint. A mere threat to imprison will not qualify for false imprisonment. Typically when determining whether a threat counts as false imprisonment, the court will look at whether the plaintiff had a just fear of injury.

## Invalid Use of Legal Authority

**An example of invalid use of legal authority is the detainment or arrest of a person without a warrant, with an illegal warrant, or with a warrant illegally executed. So long as the person is deprived of personal liberty, the amount of time actually detained is inconsequential.** See, e.g. Schenck v. Pro Choice Network, 519 U.S. 357 (1997).

In Schneck v. Pro Choice Network the complaint alleged one federal and six state causes of action: conspiracy to deprive women seeking abortions or other family planning services of the equal protection of the laws, in violation of Rev. Stat. § 1980, 42 U. S. C. § 1985(3); discrimination against and harassment of women seeking abortions and other family planning services, in violation of N. Y. Civ. Rights Law § 40-c (McKinney 1992) and N. Y. Exec. Law § 296 (McKinney 1993); trespass; tortious interference with business; tortious harassment; false imprisonment; and intentional infliction of emotional harm. The complaint alleged that a large

blockade was planned for September 28, and requested that the court issue a temporary restraining order (TRO) to stop it. The complaint also sought a permanent injunction and damages. As a result buffer zones were recognized as 15 ft to prevent a citizen's rights from being blocked or detained and anything other than that was imprisonment.

The law states that, ""11. Enjoined and restrained in any manner or by any means from:
"(a) trespassing on, sitting in, blocking, impeding, or obstructing access to, ingress into or egress from any facility, including, but not limited to, the parking lots, parking lot entrances, driveways, and driveway entrances, at which abortions are performed in the Western District of New York;
"(b) demonstrating within fifteen feet from either side or edge of, or in front of, doorways or doorway entrances, parking lot entrances, driveways and driveway entrances of such facilities, or within fifteen feet of any person or vehicle seeking access to or leaving such facilities, except that the form of demonstrating known as sidewalk counseling by no more than two persons as specified in paragraph (c) shall be allowed;
"(c) physically abusing, grabbing, touching, pushing, shoving, or crowding persons entering or leaving, working at or using any services at any facility at which abortions are performed; provided, however, that sidewalk counseling consisting of a conversation of a non-threatening nature by not more than two people with each person or group of persons they are seeking to counsel shall not be prohibited. Also provided that no one is required to accept or listen to sidewalk counseling, and that if anyone or any group of persons who is sought to be counseled wants to not have counseling, wants to leave, or walk away, they shall have the absolute right to do that, and in such event all persons seeking to counsel that person or group of persons shall cease and desist from such counseling, and shall thereafter be governed by the provisions of

paragraph (b) pertaining to not demonstrating within fifteen feet of persons seeking access to or leaving a facility. In addition, it is further provided that this right to sidewalk counseling as defined herein shall not limit the right of the Police Department to maintain public order."

Shopkeeper's Privilege

One of the affirmative defenses to the false imprisonment tort is called the shopkeeper's privilege defense. The doctrine of shopkeeper's privilege states that in this situation, a shopkeeper defendant who reasonably believes that the plaintiff has stolen or is attempting to steal something from the defendant shopkeeper may detain the plaintiff in a reasonable manner for a reasonable amount of time to investigate.

Shopkeeper's Privilege does not apply in this case because I called in to the Sheriff's Department on 5/1/2023, spoke to Captain Dickie about my previous payment 2 weeks prior of child support and arrears. I wrote an email to Marie Holovacko that I paid my child support obligation plus arrears with attachments of receipts and other documentation and in the end, I was released on the contingency that I make a regular payment of $380.00 by May 16th, that I was planning to do anyway as that is the due date of my next regular payment and they were aware of that.

Off-Shoots of False Imprisonment

There are two other torts that fall under false imprisonment: the tort of "malicious prosecution" and the tort of "abuse of process".

**To prove malicious prosecution, the plaintiff must prove 3 things:**

1.) The defendant acted without probable cause and with malice toward the plaintiff
2.) But for the defendant's actions, the prosecution would not have proceeded
3.) The plaintiff did not engage in the alleged misconduct
4.) To prove an abuse of process tort, the plaintiff needs to prove that the defendant invoked the legal system in order to extort, threaten, or harass the plaintiff.

In my case malicious prosecution and tort of abuse of process can be affirmed in that

1.) Judge Bury and Somerset County Probation Department were aware that a payment for child support and arrears was made on 4/12/2023 two weeks prior to issuing an arrest warrant.
2.) If it wasn't for Judge Bury and Somerset Probation Department's issuing of arrest warrants based on false pretense the prosecution and arrest would not have proceeded
3.) I did not engage in the alleged misconduct and paid my child support obligation plus arrears.

4.) Judge Bury used the legal system and his judicial authority to ORDER my arrest and the Somerset County Probation Department used the legal system and used their authority in collusion with Judge Bury to have me incarcerated.

I had received a police report from Westfield Police Department and I was told by Detective Olivera at the Somerset County Sheriff's Department that I would need to obtain a Subpoena to have access to my file, police reports and/or documentation of my arrest, forms I signed etc. and so I am providing the Clerk with these attached Subpoenas to be issued to serve Somerset County Probation Department and the Somerset County Jail authorities to provide me with all documentation and video of my false arrest and incarceration. Please help protect me and my rights and my safety as an American Citizen and as a law abiding Resident of the State of New Jersey.

Sincerely,

_____
Signature

May 4th, 2023
Date

## CERTIFICATION

I, Stephanie Messner certify that all statements are true to the best of my knowledge and that any false statements could result in punishment of the Court.

_____   _____
Signature                                 Date   5/4/2023