# TABLE OF CONTENTS

1.) 5/1/2023 POLICE REPORT- WESTFIELD  pgs. 1-2

2.) 4/12/2023 - CHILD SUPPORT RECEIPT **$608.00**- REGULAR PAYMENT + ARREARS pg. 3.

3.) 4/25/2023 - SOMERSET COUNTY PROBATION DIVISION CHILD SUPPORT- Notice of issuance of Bench Warrant for FAILURE TO COMPLY by Stacey Devries pg. 4

4.) 4/25/2023 - WARRANT BY JUDGE BURY FAILURE TO PAY AFTER ORDER- WARRANT FOR ARREST pg. 5.

5.) 4/25/2023 - SOMERSET COUNTY SHERIFF'S OFFICE- LAW ENFORCEMENT DIVISION- WARRANT FOR ARREST # 2023-0318 Detective Olivera pg. 6.

6.) 10/7/2020- Support Court Order by Judge Suh of $95.00 per week or $380.00/month  pg. 7.

7.) 5/1/2023 @ 8:49am - Transcribed Voicemail of Captain Dickey of the Sheriff's department demanding $1,200.00 in order to clear the warrant for my arrest pg. 8.

8.) 5/1/2023 @ 9:54 am- email to Marie Holovacko requesting to remove the bench warrant that I had already paid child support plus arrears on my payment plan with the probation department only 2 weeks ago on 4/12/2023 and not due for another payment until 5/15/2023 pgs. 9-12.

9.) 5/2/2023- RECORD OF DISPOSITION- RELEASED ON CONTINGENCY provided that I make payment of $360.00 by 5/16/2023, it was never negotiated that they could take my cash of $197.65 which was a unilateral decision/theft pg. 12.

# Westfield Police Department

425 East Broad Street, Westfield, NJ 07090
Phone: 908-789-4000  Fax: 908-789-4007  Mun. Code: 2020

## Investigation Report

### Incident Details:

| Case Number | Time Reported | Date Reported | Time Occurred | Date Occurred | Occurrence Between Date / Time of | Time Occurred | Date Occurred | 911 | Complete |
|---|---|---|---|---|---|---|---|---|---|
| 23-19586 | 14:48 | 05/01/23 | 14:48 | 05/01/23 | | | | | X |

| Incident Type: | Incident Location: | | |
|---|---|---|---|
| Warrant Arrest NCIC | Street # | Street Name: Fourth Avenue | Intersection / Cross Street of: Cranford Avenue |
| | Business / Common Location Name | | |

### Contact Information: Victim Suspect Complainant Witness Driver Arrest Passenger Missing Business Other

| Code | Contact Name #1 | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| A | Messner, Stephanie | J | | 52 | F | 1B | 09/09/1970 | |
| Address | | | | | Home Phone | | Cell Phone | |

| Code | Contact Name #2 | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| O | Hajdu, Olivia | R | | 22 | F | 1B | 09/13/2000 | |
| Address | | | | | Home Phone | | Cell Phone | |

| Code | Contact Name #3 | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| O | | | | | | | | |
| Address | | | | | Home Phone | | Cell Phone | |

| Code | Contact Name #4 | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| Address | | | | | Home Phone | | Cell Phone | |

### Property Information:

| Value of Stolen Property | Currency | Jewelry | Furs | Clothing | Auto | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Value of Stolen Property Recovered | | | | | | | |

### Automobile Information:

| # | Vehicle Code | Year | Make | Body Type | Color | Registration | State | VIN |
|---|---|---|---|---|---|---|---|---|
| 1 | Arrest | 19 | SUB | WAGON | SL | L38MNZ | NJ | 4S4BSANC7K3224715 |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

### Narrative:

On May 1, 2023 at 1448 hours I, Officer Brandon Beal, responded to the area of Mountain Avenue and New Providence Road on the report of a FLOCK hit notification received by Westfield Central Communications. The FLOCK hit notification was in regards to a silver Subaru Outback bearing New Jersey MVC registration "L38MNZ" which showed the registered owner of the vehicle, Stephanie Messner, wanted for an NCIC warrant(NIC#W612101390). The vehicle in question was located by Detective Desiato at the intersection of Benson Place and Cranford Avenue. Detective Desiato conducted a motor vehicle stop on the vehicle in the eight hundred block of Fourth Avenue.

(Continued on Page 2)

| Officer of Record: | Date: | Other Reports Filed: | | | | | | Reviewed By: |
|---|---|---|---|---|---|---|---|---|
| | | MVA | Arrest X | DV | DWI | DWIQ | Tow  SD  CI  TRO | |
| Ptl. Brandon Beal 213 | 05/01/23 | SHA | Prop. X | Evdn | UOF | Prst | Supp  Juv  Bias  Pris | JTANG |



# Westfield Police Department
425 East Broad Street, Westfield, NJ  07090
Phone: 908-789-4000  Fax: 908-789-4007  Mun. Code: 2020
### Investigation Report

| Narrative Continued  (Page 2) | Case Number |
|---|---|
| | **23-19586** |

This officer responded to the location of the motor vehicle stop to provide back up. Upon my arrival Detective Desiato and Officer Marlow had already positively identified the driver as the vehicle's registered owner, Stephanie Messner. Messner's identification was confirmed via New Jersey driver's license M28237227159705. Westfield Central Communications contacted the Somerset County Sheriff's office who confirmed the NCIC(NIC#W612101390) warrant issued for Messner.

Messner was placed under arrest and Detective Sergeant Maloney conducted a search of her person which yielded negative results. I then placed Messner in the rear prisoner compartment of the District 1 patrol vehicle, vehicle #411. Prior to placing her into the District 1 patrol vehicle I conducted a search of the rear prisoner compartment which yielded negative results. I transported Messner to Westfield Police Headquarters, while Detective Sergeant Maloney followed without incident.

Once at headquarters I removed Messner from the rear prisoner compartment of the District 1 patrol vehicle and conducted a search of the same which yielded negative results. Detective Sergeant Maloney conducted a secondary search of Messner's person which yielded negative results and she was subsequently secured in the processing room. Messner was photographed, processed and transferred to the custody of the Somerset County Sheriff's Office.  Messner's property was signed for and also transferred to Somerset County Sheriff's Officers at WPD HQ.

Additionally Messner's vehicle was left in the possession of her daughter, whom I identified as Olivia Hajdu via New Jersey driver's license H02046037959006. Hajdu returned the vehicle to her mother's address where it was left per Messner's request.

**My MVR/BWC was activated and recording during this incident. This recording was titled, categorized appropriately, and uploaded into evidence.com for further review. Refer to CAD or Case #23-19586 and coinciding arrest report and property report for further information. There is nothing further to report at this time.**

| Officer of Record: | Date: |
|---|---|
| Ptl. Brandon Beal 213 | 05/01/23 |

```
SUPERIOR COURT OF NJ
     UNION COUNTY
   FINANCE DIVISION
*********************************
*********************************

REG  01                Mackenzie
4/12/2023              10:39 AM

#225608843 messner     000013
CHILD SUPPORT          LCT

                       $608.00
NONTAX
1L                     1 No
C-SUP CASH
                       $608.00
                       $608.00
                       $608.00

OFFICE HOURS
MONDAY-FRIDAY
8:30 a.m.-4:30 p.m.
    THANK YOU
```

**NEW JERSEY – UNION VICINAGE**
**CHILD SUPPORT PAYMENT FORM**

☐ CHILD SUPPORT (CASH ONLY)

APS / CS NO.(s): _Messner_ _225-6088-1A_

_[signatures]_

**SUPPORT PAYMENT TYPE**

REGULAR PAYMENT                RE

RELEASE/PURGE AMOUNT*          PM

JUDGMENT                       JM

*If a Release/Purge Amount payment, go to **Enforcement – 6th floor** to determine if upon this payment, any active Warrants can be discharged.

Child Support

(3)

# SOMERSET COUNTY
**Probation Division, Child Support Enforcement**
PO BOX 3000
COURT HOUSE
SOMERVILLE , NJ08876-1262
Website: www.njchildsupport.org



**(877)655-4371**
**Fax:(908)332-7702**

**To: STEPHANIE J MESSNER**
**447 4TH AVE**
**GARWOOD , NJ07027-1008**

Date:**04/25/2023**
Case ID:**CS22560884A**
Docket No:**FD-18-000340-01**

## NOTICE OF ISSUANCE OF BENCH WARRANT FOR FAILURE TO COMPLY

This is to inform you that a child support bench warrant dated **04/25/2023** has been issued for your arrest due to your failure to comply with your support order. A **Notice of Intent to Request Issuance of Bench Warrant** was sent on **03/27/2023** informing you of the Probation Division's intention to seek the issuance of a warrant if you failed to comply with the order.

Our records indicate that as of the date of this notice, you owe $ **9,763.58** and/or have not provided health insurance for your child(ren).

Please contact Customer Service at **(877)655-4371** if you have any questions or need assistance.

**STACEY DEVRIES**
Probation Child Support Manager


CS594C,89186666


355\KATHRYN.ELLMER\CS22560884A\22560868

2023-0318

# WARRANT
## FAILURE TO PAY AFTER ORDER

Date of Warrant 04/25/2023





SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, FAMILY PART

SOMERSET COUNTY
Docket Number: FD-18-000340-01
Case ID: CS22560884A
DFD ID:

The State of New Jersey,

To the Sheriff of the county above or any constable or police officer,

Greetings:

Pursuant to the authority of this court as detailed in Part 1, Section 10, Subsection 3, of the rules governing the courts of the State of New Jersey, you are hereby commanded to arrest STEPHANIE J MESSNER and confine this person to the county jail.

Subject has failed to make child support payments as directed by court order, which requires that if payment is not made he/she be brought before the court for an enforcement hearing on an expedited basis.

If the above named person cannot satisfy the conditions of release, you must bring that person before a judge of this court the same day or no later than 72 hours from the time of the arrest.

Conditions of Release:
The subject may be released upon the payment of $ 9,763.58 . If said person, upon arrest, alleges that the total arrears are lower than the aforestated amount, the arresting agency may call the child support hotline at 1-877-NJKIDS-1 (655-4371) to confirm the arrears amount. If, after making said call, the total arrears are determined to be less than the aforestated amount, the arresting agency is authorized to accept the lesser amount as a condition of release and shall note same on the return of this warrant to the court. This is a release payment. It is not bail and is not refundable.

I, the Honorable BRADFORD BURY, Judge of the Superior Court, in and for SOMERSET COUNTY, do herewith issue and make this your warrant to arrest STEPHANIE J MESSNER to answer for said trespasses against the dignity, power, and authority of this court.

*Bradford Bury*

Signature Line
Honorable BRADFORD BURY ,

**Warrant Information**

Name: STEPHANIE J MESSNER

Address: 447 4TH AVE , GARWOOD , NJ07027-1008

Subject Information:

DOB: ████1970   SSN: █████9205   Sex: FEMALE   Race: WHITE   Ethnicity: NON HISPANIC
Height: 5 feet 6 inches              Weight:                     Hair: BLACK   Eyes: BROWN

Description: alt ph # 908-456-5531

All payments received must be acknowledged with a Notice and Receipt for Release Payment. Bail receipts must not be used.

2023 APR 25  A 11: 08

RECEIVED
SOMERSET COUNTY
SHERIFF'S OFFICE





CS594B,89186865                    355\KATHRYN.ELLMER\CS22560884A\22560868



# Somerset County Sheriff's Office

P.O Box 3000 · Somerville, New Jersey 08876
www.co.somerset.nj.us/sheriff

## - LAW ENFORCEMENT DIVISION -

Phone: 908-231-7140
Fax: 908-526-2558



Darrin J. Russo
**SHERIFF**

Joseph S. Lombardo, Jr.
UNDERSHERIFF

Paul Kaminsky
UNDERSHERIFF

**April 25, 2023**

**STEPHANIE MESSNER**
**447 4TH AVE**
**GARWOOD, NJ 07027-1008**

## RE: WARRANT FOR YOUR ARREST
## WARRANT # 2023-0318

Ms. Messner,

This letter is a written notification that you are wanted by the Somerset County Sheriff's Office and you have an ACTIVE WARRANT for your arrest.

<u>LOCAL</u> AND <u>COUNTY</u> AUTHORITIES HAVE BEEN NOTIFIED OF YOUR WANTED STATUS. PLEASE BE ADVISED THAT FAILURE TO RESPOND TO THIS MATTER WILL RESULT IN ARREST AND INCARCERATION.

For further information on how to rectify this situation we strongly suggest that you contact the Detective Bureau, Monday through Friday between the hours of 8:30 A.M. and 4:00 P.M.  At

## <u>(908) 231 7131</u>

Respectfully,

**Detective Olivera**
**Somerset County Sheriff's Office**
**Detective Bureau**
**Juan Olivera**



**SUPERIOR COURT OF NEW JERSEY**
Chancery Division-Family Part
## Uniform Summary Support Order

COUNTY: Somerset

☐ Obligor ☑ Obligee
WELFARE / U.I.F.S.A. # _____

DOCKET # FD-18-340-01
CS# 22560884A

**CERTIFIED TO BE A TRUE COPY**

☐ PL ☑ Atty for PL Jared Geist, Esq.
☐ DEF ☑ Atty for DEF George Gussis, Esq.

This matter having been opened to the court by: ☑ Plaintiff ☐ Defendant ☐ County Welfare Agency ☐ County Probation Division ☐ Probation Division ☐ Family Division
for an ORDER for: ☐ Paternity ☑ Support ☐ Visitation ☐ Custody ☑ Enforcement ☑ Modification/Increase/Decrease
State with Continuing Exclusive Jurisdiction _____

| CHILD'S NAME | BIRTH DATE | | CHILD'S NAME | BIRTH DATE |
|---|---|---|---|---|
| A. [redacted] | [redacted] | 2D. | | |
| B. | | 2E. | | |
| C. | | 2F. | | |

FILED OCT 7 2020

3. ☐ **PATERNITY** of child(ren) (# above) _____ is hereby established and an **ORDER** of paternity is hereby entered.

4. ☐ A Certificate of Parentage has been filed for child(ren) # _____ above.

5. ☑ **IT IS HEREBY ORDERED THAT:** The obligor shall pay support to the New Jersey Family Support Payment Center in the amount of:

| $95.00 | + | | + | | = | $95.00 | payable | Weekly | effective | 10/07/2020 |
|---|---|---|---|---|---|---|---|---|---|---|
| Child Support | | Spousal Support | | Arrears Payment | | Total | | Frequency | | Date |

**NOTE:** Child support is subject to a biennial cost-of-living adjustment in accordance with R. 5:6B

6. ☐ Child Support Guidelines Order ☐ Deviation reason: _____
6A. ☐ Worksheet attached.
7. ☑ Support order shall be administered and enforced by the Probation Division in the county of Venue, Somerset County
8. ☐ ARREARS calculated at establishment hearing are based upon amounts and effective date noted above and total $ _____
9. ☑ ARREARS indicated in the records of the Probation Division, are $ 274.93 as of 10 / 02 / 2020
10. ☑ **GROSS WEEKLY INCOMES** of the parties, as defined by the Child Support Guidelines, upon which this ORDER is based:
    OBLIGEE $ 2,878   OBLIGOR $ 979
11. ☐ INCOME WITHHOLDING is hereby ORDERED on current and future income sources, including:
    Name of income source: _____   Address of income source: _____

OBLIGOR SHALL, however, make payments AT ANY TIME that the full amount [illegible] amount not withheld.

12. ☑ Medical Support coverage as available at reasonable cost shall be provided for the ☑ child(ren) ☐ spouse
    by   Obligor ☐   Obligee ☑
    The parties shall pay unreimbursable health care expenses of the child(ren) [illegible] per child per year as follows:
    _____ % Obligor   _____ % Obligee
    Pursuant to R 5:6A the obligee shall be responsible for the first $250.00 per child per year.
    If coverage is available, Medical Insurance I.D. card(s) as proof of coverage [illegible] shall be provided immediately upon
    availability to the Probation Division by the: ☐ Obligor
    ☐ Obligee
12A. ☐ Insurance currently provided by a non-party: _____
12B. ☐ Health insurance benefits are to be paid directly to the health care provider by the insurer.

Promulgated 08/29/11 to be effective 09/01/2011, CN 10284

page 1 of 5

3:26   .ıl 5G

# Voicemail

**+1 (908) 231-7131**

Somerville, NJ

May 1, 2023 at 8:49 AM

0:18



### Transcription

"Hey there's a message for Stephanie Messner this is going _____ office I am reached out to Marie from probation they're looking for $1200 from you him to satisfy the warrant please call us back at the sheriffs office _____ again this is the sheriffs office _____ call us back as soon as you can thank you bye..."

Was this transcription _____ or _____ ?



 Gmail

## Stephanie Messner - cs22560884a- Bench Warrant notification 4/25/2023

**Stephanie Messner** <smessner09@gmail.com>                                Mon, May 1, 2023 at 9:54 AM
To: Marie.holovacko@njcourts.gov, Jared Geist <jaredgeist@gmail.com>, Jared Geist <Jared@geistlegal.com>

Dear Marie,

   I am writing to kindly and respectfully request of you to remove the bench warrant for my arrest, a notice I received on Friday night 4/25/2023 and unable to address until now.  My circumstance is that I have been unemployed and although I have been unemployed, I have done my best to make these child support payments and made one as recent as 4/12/2023 see attached file which is a receipt of payment directly to the Child Support Services of NJ along with a few other expenses I had to pay for both children now 18 and 22 years of age.

                                   Statement of Facts

1.). I was the custodial parent of both children now 18 and 22 from 2000-2017 when the court order transferred custody to the children's father who in violation of the law and court order kidnapped both children for what was supposed to be "end of summer vacation time" 8/17/2016 with a return of 8/22/2016 and refused to return them but instead transferred them into alternate schools that he had orchestrated in a preplan plot evidenced by an unsigned letter written by his wife on 5/21/2016 and acceptance letter that was inadvertently sent to my address on 6/28/2016. A plan of kidnapping the children that had begun 3 months prior to the orchestrated kidnapping of the children.

2.) Approximately 7 months after the kidnapping of the children, and while children were being withheld from seeing me with no parenting time, custody was transferred to the father and the judge received a promotion to the Appellate Division.  I was court ordered to pay child support and put in over $4,000.00 of arrears RETROACTIVELY from the time the children were first taken by their father on 8/17/2016, 10 MONTHS of child support arrears for the time the children were kidnapped and I was forced to pay the kidnapper and both County Prosecutors Yoana Yankova of Somerset County and Karyn Weingarten of Union County refused to allow my civil complaints to be accepted and brought before a judge for the affirmative offenses set forth in the N.J.S.A. 2C-13-4a Interference with Custody Statute.

3.). I had paid off all arrears and was making regular payments.  The court rule for COLA was violated by increasing my child support annually instead of biannually multiple times and I was denied the opportunity to contest it because my income had not changed and it was within one year and not two.

4.) October 7, 2020 Judge Suh ORDERED nearly $9,000.00 to be imputed to me as child support arrears without a hearing.  This $9,000.00 arrears is actually a personal expense of the father of the children of what he claims he paid to transfer the children into the alternate parochial schools in which I was not in agreement with see Court Order 10/20/2008 and 7/25/2017 that stated that we had to mutually be in agreement and can not make unilateral decision making without each others consent.  The schools he paid the cash to are ones that I am currently in litigation with for violating court orders and accepting my children into aforementioned schools against my wishes and consent made known on 6/28/2016 (see attached file LTR TO ADV 6/28/2016).

5.) Judge Suh claims that the children were both in parochial school and that I just didn't like the ones the father put them into but the fact is that my older child was in PUBLIC SCHOOL WITH AN IEP at the time he and his wife kidnapped the children and not in parochial school. In fact, the public school refused to allow the eldest daughter to be signed out of the school by the father without my knowledge or consent by public policy.

6.). A case is ongoing in the United States District Court and one filed in the Supreme Court in regards to these issues.

On a personal note, I have been suffering from ongoing health issues related to a car accident I was involved in 6/25/2020. I have also had other health issues in which I was not cleared to work in the capacity in the field I had been working in and have been undergoing ongoing medical supervision and care. In the mean time, I took the probation officer Maureen's advice to go back to school so that I can work in a different career.

Not only do I have to pay child support to the father who has his own business, 4 rental properties, passive and active income but I also have to pay for expenses of both children to help them because he is refusing to use the child support that I pay to provide for their clothing, school applications, health care needs and other living expenses. I have saved all the receipts. I also have had the children spend most of the time living with me when not attending school located by his home. If I am arrested, the children receive nothing and so it does not help me to help the children by having me arrested.

I am asking you to be patient and work with me as I have had to recently go through bankruptcy with discharged debt on 3/17/2023 and borrow money to meet my expenses, child support and help my daughters while taking class to find another job. Today I have a $500.00 payment to my daughters school otherwise she will not be able to take her summer classes and is on the cusp of graduating Raritan Valley Community College and last week I had to pay $280.00 for my other daughters graduation so that she can graduate high school with her class see receipts. Both daughters inform me that they do not benefit in clothing and supplies and needs from the child support that I pay and it has fallen upon me to help them financially while I am in dire financial straights working when I am able to or when I can and borrowing money and using credit cards.

It is perplexing to me why bench warrants are needed for me and not for the men/husbands/fathers in cases such as Pallay v. Pallay in Somerset County, a wife who's husband refuses to pay any court ordered alimony and the woman is left homeless in her truck after divorce while he is out purchasing properties in North and South Carolina or Stani v. Allan in which Frank Allan, a heroine addict with a long rap sheet was in child support arrears for over $30,000.00 and he wasn't forced to pay child support, no bench warrant for his arrest and he was allowed to violate custody orders that left three small children to their grandmother care by court order but he was allowed to kidnap the children with no consequence and not return them to their grandmother who had a court order for custody in Somerset County.

Why in Bennett v. Kulik is Tracy Bennett being denied the $83,823.59 as of 1/28/2023, that her ex-husband owes her for child support and him not receiving bench warrants for his arrest in Middlesex County. The man is working under his father and should be easy enough to find.

In Coffin v. Coffin in Hunterdon County, why was Tom Coffin allowed to take and withhold their child from a relationship with the child's mother, kidnap his own child and be granted custody while Tammy Coffin had to suffer homeless and for decades with no relationship with her alienated son while he is allowed to violate all court orders.

In my case, Messner v. Hajdu-Nemeth, the father was allowed to go for months in willful violations of court orders and willful refusal to pay child support all while he kidnapped the children see attachment of Somerset County probation order demonstrating that the father was allowed to WILLFULLY go into arrears without consequence. NO bench warrant was ever issued to him **(See Miklos probation arrears 2017 attachment).**

In all of these cases the women are being financially and psychologically abused and either denied rightful alimony according to divorce decree/court order, denied child support enforcement and custody of their children and/or relationship with their children. Why are women and children made to suffer.

I am doing my best and I am not willfully in arrears for not paying child support but arrears was imputed to me on two occasions in lump sums of thousands of dollars, 2 times imputed to me unfairly and unjustly for expenses and unilateral decision making by the father in violation of the 10/20/2008 court order which was in current and in effect at that time the expenses were created when he switched the children into alternate schools, an expense he could have sought from me in a civil complaint but used the family court instead and used the probation department as a strong arm and a judge who mistakingly referred to his personal decision making and expense for the parochial school tuition as "CHILD SUPPORT." See Court Order 10/2/2020 and 10/20/2008 and William Lemega letter to the adversary dated 6/28/2016.

Please take my plight into consideration dand what I have been paying for the children outside the child support and my most recent child support payment and remove the bench warrant for my arrest. My recent payment was $608.00 on 4/12/2023. Thank you in advance.

Sincerely,

Stephanie Messner

## 6 attachments


**csreceipt-4:12:2023.jpg**
1017K


**aHigh school graduation package.JPG**
2665K


**ahighschool graduation 2.JPG**
2995K


**Oneurologist2023.JPG**
2555K

📄 **LTR TO ADV  6.28.16.docx-4.pdf**
149K

📄 **Mikloschildsupport 1:3:2017 arrears.pdf**
140K

**RECORD OF DISPOSITION**
Ability to Pay Hearing on Child Support/Alimony Warrant
Somerset County Probation Department
Faxed to the Somerset County Jail – (908) 231-0095

Date Faxed: 5/2/2023

Name of Obligor: STEPHANIE MESSNER

**CASE #'S:**   CS22560884A

_____

_____

**This form covers all Somerset County Child Support/Alimony Cases for this obligor.**

Date of Hearing: _____

Judge: _____

**INMATE COPY**

Disposition:

☐ **REMANDED** to SCJ, Obligor may be released upon the following condition(s) being met:

☒ **RELEASED** from SCJ, the following condition(s) being met:

☒ Negotiated settlement with Probation prior to the ability to pay hearing.

$197.65 TO BE PAID FROM JAIL ACCOUNT. ADDITIONAL PAYMENT OF $360 TO BE MADE BY 5/16/23 OR WARRANT TO ISSUE.

JSC_____

Faxed by: MARIE HOLOVACKO, SRPO
               908-332-7700 x13249

Extension: _____

Follow Up Phone Call After Faxing
Date and Time Called: LT COVERT 12:48PM

