UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE MESSNER,<br><br>Plaintiff,<br><br>v.<br><br>KARYN R. WEINGARTEN, *in her official capacity of Union County Assistant Union County Prosecutor*, et al.,<br><br>Defendants. | Civil Action No. 19-15752 (RK) (RLS)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on a Motion to Dismiss, (ECF No. 46), and Motion for Order to Show Cause, (ECF No. 47), filed by *pro se* plaintiff, Stephanie Messner ("Plaintiff"). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's Motion to Dismiss is **GRANTED** and her Motion for Order to Show Cause is **DENIED**. In addition, Defendant New Jersey State Board of Psychological Examiners is **DISMISSED** from this action with prejudice based on Eleventh Amendment Immunity. Finally, Plaintiff is **ORDERED**, by November 15, 2023, to effect service on the additional defendants named in the Amended Complaint in compliance Federal Rule of Civil Procedure 4, or the case against any Defendant who has not been so served shall be dismissed without prejudice pursuant to Rule 4(m) for failure to effect proper service. The Court notes that this case has been pending for more than four years without the commencement of discovery.

I.  **BACKGROUND**

This case arises out of a state court custody dispute between Plaintiff and Miklos Hajdu-Nemeth, the father of Plaintiff's children. On August 3, 2015, Hajdu-Nemeth filed a motion in New Jersey Superior Court for a change of custody of their two children. ("Amend. Compl." at 20, ECF No. 39.) Plaintiff alleges that psychologist Dr. William F. Walsh performed a child custody evaluation of the children on behalf of Hajdu-Nemeth and served as Hajdu-Nemeth's expert witness during the course of their custody dispute. (*Id.* at 6, 18; *see also* ECF No. 46 at 4–5.) On July 25, 2017, following Dr. Walsh's evaluation, the court designated Hajdu-Nemeth as the parent of primary residence and Plaintiff as the parent of alternate residence. (Amend. Compl. at 28; *see also* Compl. ¶¶ 2, 8, 50, 54); *Messner v. Hajdu-Nemeth*, No. A-5607-16T1, 2019 WL 692149, at *2 (N.J. Super. Ct. App. Div. Feb. 20, 2019). On February 20, 2019, the Appellate Division affirmed the Superior Court's Order, (Compl. ¶¶ 55–60); *see also Messner*, 2019 WL 692149, at *1, and on September 4, 2019, the New Jersey Supreme Court denied Plaintiff's petition for certification, *Messner v. Hajdu-Nemeth*, 216 A.3d 970 (N.J. 2019).

On July 24, 2019, Plaintiff filed the instant case in federal court. In her original Complaint, Plaintiff alleged that eight state court judges (collectively, "Judge Defendants"), two state court probation officers, and Union County assistant prosecutor, Karyn Weingarten (collectively, "Defendants") violated her constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment during the course of the state court child custody proceedings. Plaintiff alleged, *inter alia*, that her children were "parentally kidnapped" by Hajdu-Nemeth, that she was given no parenting time, and that Defendant Weingarten directed the police to prohibit Plaintiff from filing civilian criminal complaints related to Hajdu-Nemeth's kidnapping of their children. (Compl. ¶¶ 3, 8, 63.) The original Complaint also sought the Court to "move"

her "FD case" out of Somerset County "to a county not connected in anyway [sic] to Somerset County or adjacent to Somerset County . . . ." (*Id.* ¶ 2.)

On November 29, 2019, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 16.) Defendants argued, *inter alia*, that Plaintiff's claims against them in their official capacities were barred by the Eleventh Amendment and that they were entitled to absolute immunity from suit in their individual capacities. The Honorable Freda L. Wolfson granted in part and denied in part Defendants' motion. (ECF No. 22.) Chief Judge Wolfson found that Plaintiff's claims against Defendants in their official capacities were barred by the Eleventh Amendment. (*Id.* at 4.) She then found that the Judge Defendants were absolutely immune from liability for individual capacity claims under the doctrine of judicial immunity and that Defendants Howard and Barracano, as probation officers for the New Jersey Superior Court, were also immune based on quasi-judicial immunity. (*Id.* at 4–5.) Accordingly, the Judge Defendants, Defendant Howard, and Defendant Barracano were dismissed from this case with prejudice. (*Id.* at 8.) However, Chief Judge Wolfson found that Defendant Weingarten, as an assistant prosecutor for Union County, was not entitled to prosecutorial immunity for Plaintiff's individual capacity claims. (*Id.* at 7.) Judge Wolfson reasoned that Plaintiff's allegations that Defendant Weingarten directed the police to prevent Plaintiff from bringing complaints against Hajdu-Nemeth pertained to alleged acts that preceded any decision by Defendant Weingarten to initiate a prosecution. (*Id.*)

On January 28, 2022, Plaintiff filed an Amended Complaint, adding the Borough of Garwood, the Township of Franklin, Noelle Jiminez (Garwood Court Administrator), Keila Martinez (Franklin Township Court Administrator), Yoana Yankova (Somerset County Assistant Prosecutor), the New Jersey Board of Medical Examiners (the "Board"), Indira Nunez and Michael

Walker (former Executive Directors of the Board), and John and Jane Does 1–100. (Amend. Compl., ECF No. 39).[1] Plaintiff again requests to have her "FD case moved out of Somerset County immediately." (*Id.* at 6.) She also seeks monetary damages "against the State and County Defendants" for, *inter alia*, depriving her of parenting time and the ability to make medical and educational decisions for her children, blocking her from filing complaints about Hajdu-Nemeth, and facilitating Hajdu-Nemeth's kidnapping of her children. (*Id.* at 7.) Plaintiff asks that Defendants Martinez and Yankova be removed and impeached "for failure to protect the public by causing direct interference with the public policy of the entitlement of an American Citizen and/or a Citizen residing in the State of New Jersey to be able to file a criminal complaint for a criminal charge for the parental kidnapping of a child . . . ." (*Id.* at 3.) Plaintiff further requests "injunctive relief by way of a Federal investigation into [the Board] and the process of handling complaints" and asks that the Court "sanction[]" Dr. Walsh—who is not named as a defendant in this action—by stripping him of his license. (*Id.*)

On February 4, 2022, after Plaintiff failed to provide proof of service of the Amended Complaint, this case was administratively terminated pending service of the additional defendants. (ECF No. 41.) On February 22, 2023, the Honorable Rukhsanah L. Singh ordered Plaintiff to submit a letter to the Court regarding the status of service on the additional defendants by March 15, 2023. (ECF No. 42.) After Plaintiff failed to respond to Magistrate Judge Singh's order, on April 5, 2023 the Court issued a Notice of Call for Dismissal pursuant to Local Rule 41.1(a) for lack of prosecution. (ECF No. 45.)

---

[1] In the Amended Complaint, Plaintiff makes numerous allegations against the Judge Defendants and argues that her "inalienable rights" should "trump Absolute Judicial Immunity, Quasi Immunity, [and] Qualified Immunity." (Amend. Compl. at 4.) As noted above, the Judge Defendants, as well as Defendants Howard and Barracano, who served as probation officers for Somerset County, have been dismissed from this action with prejudice. The Court therefore will not consider identical claims renewed against these Defendants.

4

On April 19, 2023, Plaintiff filed the pending Motion to Dismiss, seeking dismissal of her claims against "the additional defendants EXCEPT FOR Karyn Weingarten, Yoana Yankova and the State Board of Psychological Examiners which includes Indira Nunez, Michael Walker, and the current Executive Director and agents of the [B]oard responsible for disciplinary action." (ECF No. 46 at 1.) Plaintiff also requests that the Court "extend [her] the time [she] need[s] to pursue this matter" or allow her to "reopen it regardless of the statute of limitations." (*Id.* at 9.) Finally, Plaintiff requests "additional time to hire a third party to serve" Defendants. (*Id.* at 11.) On May 4, 2023, Plaintiff also filed a Motion for Order to Show Cause. (ECF No. 47.) In it, Plaintiff asks the Court to issue an Order that "protects [her] from ongoing harassment and retaliation of the Somerset County Probation Department and any Judges that partake in harassing [her] and incarcerating [her] under false pretenses." (*Id.* at 1.)

The Court will first address Plaintiff's pending motions. Then, the Court will consider its subject matter jurisdiction over Plaintiff's claims. Finally, the Court will address the ongoing issues with service of process in this case.

## II.   LEGAL STANDARDS

### a.   Dismissal on Plaintiff's Request

Federal Rule of Civil Procedure 41 provides for a plaintiff to request that the Court dismiss a pending case:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

5

Fed. R. Civ. P. 41(a)(2). Courts have adopted a "liberal policy" for plaintiffs seeking voluntary dismissal, and the Third Circuit instructs that Rule 41 motions generally "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 James Wm. Moore et al., Moore's Federal Practice ¶ 41.05[1] (1988)); *see also Andreozzi v. Warden McKean FCI*, 828 F. App'x 141, 145 (3d Cir. 2020) ("Ordinarily, a motion for voluntary dismissal without prejudice under Rule 41(a)(2) should be granted in the absence of prejudice to the opposing party.").

      b. Eleventh Amendment Immunity

The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. *See Pennhurst*, 465 U.S. at 99; *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant."). The protections of the Eleventh Amendment also extend to protect entities when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). In general, "state agencies . . . are routinely afforded Eleventh Amendment immunity" where "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). A court may raise the issue of sovereign immunity based on the Eleventh Amendment *sua sponte*. *See Durham v. Kelley*, No. 21-3187,

2023 WL 6108591, at *5 (3d Cir. Sept. 19, 2023) (recognizing a district court's *sua sponte* review of sovereign immunity); *Jones v. U.S. Dist. Court for the Dist. of Del.*, 649 F. App'x 132, 132–33 (3d Cir. 2016) (affirming a district court's *sua sponte* dismissal based on sovereign immunity).

### c. Service of Process

Federal Rule of Civil Procedure 4 governs the requirements for proper service. Rule 4 provides that a plaintiff must serve his summons and complaint on each defendant within ninety (90) days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## III. DISCUSSION

### a. Plaintiff's Motions

At the outset, the Court considers Plaintiff's own motion to dismiss all additional Defendants except for Defendant Weingarten (who was named in the original Complaint), Defendant Yankova, and "the State Board of Phycological Examiners which includes Indira Nunez, Michael Walker, and the current Executive Director and agents of the board responsible for disciplinary action" ("Board Defendants"). (ECF No. 46 at 1.) The Court does not perceive any prejudice to the additional defendants, who have not yet been served in this case, let alone filed a counterclaim. Accordingly, Plaintiff's Motion to Dismiss is GRANTED, and Defendants Borough

of Garwood, Township of Franklin Somerset, Jiminez, and Martinez are hereby DISMISSED without prejudice.[2]

Also pending is Plaintiff's "Motion for an Order to Show Cause," requesting an order protecting her from "ongoing harassment and retaliation of the Somerset County Probation Department and any Judges that partake in harassing [her] and incarcerating [her] under false pretenses." (ECF No. 47 at 1.) As for relief, Plaintiff asks for an "order of protection" and "change in venue to get [her] case out of Somerset County." (*Id.*) Plaintiff seems to allege that the Judge Defendants and the Somerset County Probation Department retaliated against her for filing this lawsuit by having her "falsely accused, arrested, [and] incarcerated based on a false pretense that [she] was not in compliance with child support payments." (*Id.* at 2.) Chief Judge Wolfson already dismissed Plaintiff's claims that the Judge Defendants "punished" Plaintiff or "retaliate[d]" against her, (Compl. ¶¶ 76–78; ECF No. 22 at 4–6), and denied Plaintiff's request move her case out of Somerset County, finding that Plaintiff's official capacity claims against these Defendants were barred by the Eleventh Amendment and Plaintiff's individual capacity claims against same were barred by the judicial and quasi-judicial immunity doctrines, (*id.* at 4–6).[3] The Judge Defendants have been dismissed from this action with prejudice, as have Somerset County probation officers, Defendants Howard and Barracano. (ECF No. 22.) Accordingly, Plaintiff may not attempt to state claims against these Defendants, and her Motion for an Order to Show Cause is DENIED.

---

[2] In her Motion to Dismiss, Plaintiff also requests that the time to effect service be extended and that the Court subpoena the Board for the contact information of its current and former directors. These requests are addressed below.

[3] To the extent that Plaintiff is now attempting to state claim against the Somerset County Probation Department, itself, or against different Somerset County probation officers not previously named as defendants, these claims are also barred by the Eleventh Amendment and judicial and quasi-judicial immunity doctrines.

b.  Eleventh Amendment Immunity

Next, the Court will dismiss Plaintiff's claims against the Board as same are barred by the Eleventh Amendment. Plaintiff's claims against the Board pertain to the alleged conduct of psychologist, Dr. Walsh. Plaintiff alleges that the Board, which regulates the licensure of psychologists in the state of New Jersey, refused to address her complaints about Dr. Walsh, who Plaintiff alleges was "directly involved in the scheme of the premeditated kidnapping" of her children. (Amend. Compl. at 5.) Plaintiff alleges that Dr. Walsh "conditioned and gaslighted [her] children," which caused them to not want to remain in Plaintiff's custody. (*Id.* at 5, 30.) Plaintiff claims that the Board failed "to adhere to the standards of their job description" and failed to protect her from Dr. Walsh's abuse of authority as a child custody evaluator. (*Id.* at 6, 8.) Plaintiff seeks "injunctive relief by way of a Federal investigation into the [the Board] and the process of handling complaints"; she also requests that her complaints against Dr. Walsh be addressed and that he be "sanctioned accordingly with a loss of his license." (*Id.* at 3.)

The Court finds that the Board is an arm of the state and, therefore, is entitled to sovereign immunity under the Eleventh Amendment. The Board is part of the Division of Consumer Affairs within the New Jersey Department of Law and Public Safety. Courts in this district have already determined that the Division of Consumer Affairs and Department of Law and Public Safety are arms of the state for the purpose of Eleventh Amendment immunity. *See, e.g., Johnson, v. N.J. State Bd. of Cosmetology and Hairstyling*, No. 21-10429, 2022 WL 645518, at *3 (D.N.J. Mar. 4, 2022); *Kaul v. Christie*, 372 F. Supp. 3d 206, 243 (D.N.J. 2019); *Cook v. Superior Ct. of N.J.*, No 10-409, 2010 WL 2836409, at *1 (D.N.J. July 14, 2010). Indeed, one court in this district has held that the New Jersey State Board of Medical Examiners, which, like the New Jersey State Board of Psychological Examiners, is housed in the Division of Consumer Affairs, was immune from suit

under the Eleventh Amendment. *Zahl v. N.J. Dep't of L. & Pub. Safety*, No. 06-3749, 2008 WL 816821, at *1 (D.N.J. Mar. 26, 2008). Accordingly, the Court finds that the Board is entitled to Eleventh Amendment Immunity, and thus the Board is DISMISSED from this action with prejudice.

    c. <u>Service of Process</u>

Finally, the Court turns to the issues with service of process in this case. As noted above, there is no indication on the docket, or otherwise from Plaintiff, that Plaintiff has served the additional defendants named in the Amended Complaint. Plaintiff filed the Amended Complaint over a year and a half ago, on January 28, 2022. (ECF No. 39.) After Plaintiff failed to provide proof of service, this case was administratively terminated pending service of the additional defendants. (ECF No. 41.) Thereafter, Judge Singh ordered Plaintiff to submit a letter to the Court regarding the status of service on the additional defendants, (ECF No. 42), and after Plaintiff failed to do so, the Court issued a Notice of Call for Dismissal, which was withdrawn after Plaintiff filed her Motion to Dismiss and Motion for Order to Show Cause.

In her Motion to Dismiss, Plaintiff concedes that she has not served the additional Defendants and requests additional time to do so.[4] (ECF No. 46 at 3.) Accordingly, by November

---

[4] Plaintiff also represents that she has not served Defendant Weingarten. (ECF No. 46 at 3.) However, the Court notes that Defendant Weingarten, who was named in the original Complaint, was served with a summons and the original Complaint. (ECF No. 3 at 1.) When a defendant has been properly served with a summons and original complaint under Rule 4, service of an amended complaint need only comply with Rule 5. *Fontanez v. Hicks*, No. 22-20286, 2021 WL 1608902, at *4 (D.N.J. Apr. 23, 2021); *Freedom Med., Inc. v. Hall*, No. 06-3195, 2012 WL 13005482, at *1 (E.D. Pa. Sept. 21, 2012); *see also* Local Civil Rule 5.1(a). Rule 5's service requirements are more lenient than those under Rule 4; they permit, *inter alia*, service simply by filing with the court's electronic-filing system. Fed. R. Civ. P. 5(b). Defendants noted in a footnote in their Motion to Dismiss that original service upon Defendant Weingarten was not proper under Rule 4 because she was not personally served; indeed, Plaintiff's certificate of service states that the summons and complaint were left with paralegal, Barbara Sullivan. (ECF No. 3 at 1.) However, the Court need not decide whether service of the summons and original Complaint was proper under Rule 4 because Defendant Weingarten has since appeared in this action. Therefore, service of process upon her need not be "effected anew." *Kane v. Cent. Am. Min. & Oil, Inc.*, 235 F. Supp. 559, 566 (S.D.N.Y. 1964); *see also*

15, 2023, Plaintiff is directed to effect service on the additional Defendants in compliance with Rule 4, or the case against any Defendant who has not been so served shall be dismissed without prejudice pursuant to Rule 4(m) for failure to effect proper service.[5]

---

4B Wright & Miller, Federal Practice & Procedure § 1146 (4th ed. 2022); 1 James Moore et al. Moore's Federal Practice – Civil § 5.03 (3d ed. 2022).

[5] Plaintiff also requests, without citation to legal authority, a subpoena for the address and contact information "of the former Executive Director of the Board of Psychological [E]xaminers Michael Walker Phd. who Endira Nunez replaced and now to Edie Nugent Executive Director at P.O Box 45017 Newark, New Jersey 07101." (ECF No. 46 at 4, 11). Plaintiff's request is difficult to discern, and the Court will not hypothecate as to what Plaintiff is seeking. Moreover, while Courts in the Third Circuit permit plaintiffs, upon a showing of good cause, to move for leave to serve early discovery to obtain the identities of defendants so that they may be served, Plaintiff has not demonstrated the requisite good cause. *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *4 (D.N.J. June 30, 2020) (quotation marks and citations omitted); *Malibu Media, LLC v. John Doe*, No. 16-942, 2016 WL 952340, *1 (D.N.J. Mar. 14, 2016) (quotation marks and citations omitted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is **GRANTED** and Motion for Order to Show Cause is **DENIED**. In addition, the Board is **DISMISSED** from this action with prejudice based on Eleventh Amendment immunity. Finally, Plaintiff is **ORDERED**, by November 15, 2023, to effect service on the additional Defendants in compliance Rule 4, or the case against any Defendant who has not been so served shall be dismissed without prejudice pursuant to Rule 4(m) for failure to effect proper service.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2023