STEPHANIE MESSNER, PRO SE
447 4TH AVENUE
GARWOOD, NJ 07027



# U.S. DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE MESSNER<br><br>Plaintiff,<br>v.<br><br>KARYN R. WEINGARTEN, IN HER OFFICIAL CAPACITY OF UNION COUNTY ASSISTANT PROSECUTOR, ET AL<br><br>Defendants. | Civil Action No:<br>3:19-cv-15752<br><br>**Letter to the Court Opposition to OTSC to dismiss this case against County Prosecutors**<br><br>**Regarding status of service on additional defendants.** |

7/29/2024

Dear Sir/Madam,

   I am writing to respond to a letter I received copying me on a filing that was entered into the US District court on 7/18/2024. Apparently there was an OTSC for a dismissal of this case on behalf of Karyn Weingarten. I am not in receipt of this filing and unable to respond until I receive it. The adversary must provide me with the actual filings by mail. I haven't had access to PACER. I am opposing Karyn Weingarten's motion to dismiss this case. Both Karyn Weingarten and County Prosecutor Yoana Yankova need to be held accountable for refusing to do their jobs and enforce the law and serve and protect Domestic Violence victims and the innocent citizens of the State of New Jersey. I am also requesting papers to serve the NJ State Board of Psychological Examiners who fail to

1

respond, one for Michael Walker, Executive Director at that time and current Executive Director Benn **Schulberg** Executive Director P.O. Box 45017. Newark, New Jersey 07101.

1.) Karyn Weingarten was provided court orders from Somerset County Family Court in which I was named the custodial parent and for nearly 10 years; the court orders were signed by Judge Julie Marino.

2.) Karyn Weingarten was provided police reports of an abduction of my children by the other parent and failure to return the children home to me. In Garwood, where the children and I live, one of the police officers had to send the father away telling him that he needs to address custody in the court and that he can not just take the children.

3.) Karyn Weingarten spoke to Garwood police and instructed them to not accept my filing in the Municipal court against the father of the children who abducted the children for the charges of the indictable crime of 2C:13-4a Interference with custody statute. In this case she violated a court rule According to New Jersey Court Rule 7:2, "the municipal court administrator or deputy court administrator must accept all complaints for filing, regardless of who makes them. The complaint must be a written statement of the essential facts of the alleged offense, and it must be on a form approved by the Administrative Director of the Courts." Due to Karyn Weingarten's directives, my complaint was not accepted and I was not allowed to bring my case before a Judge which is a violation of my civil rights.

4.) In this case Karyn Weingarten revictimized me and my children by refusing to address Parental Kidnapping and protected the perpetrator while causing irreparable damage to me and my children now adults.

It is important to note that the same behavior of neglect and dereliction of duty was carried out by County Prosecutor Yoana Yankova of Somerset county. The County Prosecutor's duty is to the citizens of the State of New Jersey and not on their friendships with a family court Judge, in this case Honorable Hany Mawla, named as a litigant in this case, who they believe instructed them to stand down, this is a

2

Judge who served in the capacity of a third party co-conspirator in the kidnapping of children and who received an upward promotion to the Appellate division upon the completion of my case in which he transferred custody of the kidnapped children over to the father.

My last filing into this court was to notify the Court that as a consequence of my responding to the court's request, one of the litigants named in this case, Judge Bradford Bury issued an arrest warrant and had me incarcerated on 5/1/2023. This is not the first time Judge Bradford Bury retaliated against me for informing the US District Court of the horrendous civil rights violations, court rules not being followed as well as violating a Federal law 18 U.S. Code § 1341 - Frauds and swindles. In the later violation, the Federal Law states, "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." In my case, Judge Bradford Bury and his boss Presiding Judge Kimarie Rahill, both

litigants named in this case was a part of a scheme that involved the probation department changing my attorney's mailing addresses (twice) and my mailing address to fictitious addresses to cause the post office to deliver Superior Court related mail to the wrong addresses in order to cause us to miss a hearing so that he can grant all requests made by my adversary due to default. I had to wait until my family court case was closed to continue to pursue this matter.

This brief is to address in two parts, the outstanding pending issues on service to Defendants in which there were some that had changed locations or were unable to be served and a motion to dismiss the case against the additional defendants EXCEPT FOR Karyn Weingarten, Yoana Yankova and the State Board of Psychological Examiners which includes Endira Nunez, Michael Walker and the current Executive Director and agents of the board responsible for disciplinary action. The complaint against the County Prosecutors in both Union County Karyn Weingarten and Yoana Yankova of Somerset County need to stand. I am requesting them to be relieved of their duties and resign from their positions among any other restitution causing harm and punitive damages to me and my children and on behalf of any other future individuals to prevent them from harming any other families in the future.

The demonstration of their dereliction of duty to serve the public in their official capacity needs to be addressed because their actions are in complete violation and breach of their duty by interfering with the rights of an American Citizen and citizen of the State of New Jersey by blocking any citizen of the public from legal access to protect or defend themselves and/or their families from harm's way. In my case they effectively used their positions to block me from bringing forth and filing a complaint against a person/persons who has committed a crime, an indictable offense of the parental kidnapping of children and in violation of existing Court Orders regarding Child Custody. Their actions directed police officials such as Captain Stoffer of Garwood in Union County and in Somerset County, Franklin Twp., directing police department to stand down and refuse to allow me to file a civilian complaint of a criminal crime are an endangerment to the public because their duty is to serve as law enforcement and not protect criminals, those who meet the criteria of affirmative offenses of the N.J.S.A. 2C:13-4a Interference with

4

custody statute.. I was denied legal access and effectively blocked from bringing forth a criminal civilian complaint of an indictable offense to be heard before a judge and both prosecutors ignored the affirmative offenses that met the criteria a violation of NJ Court Rule 3:2-1 to enforce the law and protect mine and my children's rights under the rule of law.

On 10/07/2020, as a punishment for bringing this case to Honorable Wolfson's attention and to this court, I was retaliated against by the Judges in Somerset County who are using my family court case as a way to financially punish me me by imputing to me the Defendant's personal expenses, $9,000 + of the private school tuition that the father/Defendant paid to secretly enroll the children into the schools prior to his kidnapping the children and the court is forcing me to pay these fees disguised as child support arrears.  COLA increases were applied annually instead of biannual violating the Court Rule 5:6b for COLA increases. I was not given a hearing to be heard on the issue, my motion to lower child support because one child was emancipated and my obligation was terminated by the court and the recalculation to lower it was not addressed which violates my civil rights to equal protection under the law. Court Rule 5:6B states that the Cost Of Living Adjustment shall be every two years, not one but they unjustly increased my child support anyway and without notice violation of this aforementioned rule. [1]

---

[1] Rule 5:6B - Cost-of-Living Adjustments for Child Support Orders
(a) All orders and judgments that include child support entered, modified, or enforced on or after [the effective date of this rule] September 1, 1998 shall provide that the child support amount will be adjusted every two years to reflect the cost of living.
(b) Orders and judgments that include child support entered, modified, or enforced on or before August 31, 1998 shall be prospectively subject to adjustment every two years to reflect the cost of living.
(c) The cost-of-living adjustment shall be based on the average change in the Consumer Price Index for the metropolitan statistical areas that encompass New Jersey and shall be compounded.
(d) Before a cost-of-living adjustment is applied, the parties shall be provided with notice of the proposed adjustment and an opportunity to contest the adjustment within 30 days of the mailing of the notice. An obligor may contest the adjustment if the obligor's income has not increased at a rate at least equal to the rate of inflation as measured by the Consumer Price Index or if the order or judgment provides for an alternative periodic cost-of-living adjustment. A cost-of-living adjustment shall not impair the right of either parent to apply (1) to the court for a modification of support provisions of the order or judgment based on changed circumstances, or (2) to the State IV-D agency or its designee for a three-year review of a Title IV-D child support order, without the need to show changed circumstances.
(e) The forms and procedures to implement cost-of-living adjustments shall be prescribed by the Administrative Director of the Courts.

Kimarie Rahill who was moved from her position as Presiding Judge of Vicinage 13 and in my case to the civil division of Somerset County, Assignment Judge Yolanda Ciccone was retired and now working in the County Prosecutor's office in Middlesex County, Judge Bury also in my case was moved from daily duty in Somerset County to family court Judge, one day a week with full pay in Hunterdon County. Without a hearing or my input, Somerset County Judge Suh who took Hon. Kimarie Rahill's former position was directed to impute to me nearly $10,000 and inappropriate COLA child support increases and without addressing my motion to recalculate the child support to lower it for the year 2019-2020 when eldest child had become emancipated and my child support obligation for the child was terminated by the court but wasn't reflected in a reduction of my child support payments.

Because of this retaliation, threats of bench warrants for my arrest and financial hardship I have had to endure, it has been very difficult for me to finance this case at the moment, in fact, it forced me into bankruptcy which took place 3/17/2023. I am requesting the Court for additional time to hire a third party to serve the summons to the two County Prosecutors Karyn Weingarten and Yankova and to the State Board of Psychological Examiners and dismiss the case against the remainder of the defendants and request a subpoena for the current address of the former President of the Board of Psychological examiners Michael Walker Phd.

STATEMENT OF FACTS

1.) Court Order 9/17/2007- Court Order and Restraints directs Plaintiff Stephanie Messner as custodial parent of two children.

2.) Court Order 10/20/2008- Court Order Parenting time directs permanent residential custody to Plaintiff Stephanie Messner as custodial parent of two children and alternate weekend and holiday parenting time for Defendant/father.

3.) May 21,2016 Father/Defendant in family court case, enrolls children secretly into alternate private schools.

4.) June 28,2016- Mother/Plaintiff Stephanie Messner receives acceptance letter into new schools and opposes any illegal transfer of the children into alternate schools, provides schools the court orders of custody agreement and has Lawyer William Lemega write letter of opposition to Father/defendant's attorney and provided it to aforementioned schools.

5.) Father/Defendant petitions court for end of summer parenting time with a return date heard August 17th 2016 before Judge Hany Mawla, children are to go for summer vacation after court from August 17th, 2016 to be returned home to Mother/Plaintiff/Stephanie Messner August 22, 2016.

6.) Father/Defendant refuses to return children home to the custody of their mother as per court order of 10/20/2008 and installs them into the new schools in violation of all court orders and continues to withhold the children from Plaintiff/Stephanie Messner for months without the children seeing their mother again.

7.) Father takes children during this time to a Dr. William F. Walsh, a hired psychologist who feigns being a child custody evaluator, no credentials or prior history in that role, conditions the children to refuse to go back to their mother. Dr. Walsh under cross examination admits that he substituted his opinion atop of the childrens, caused psychological harm and abuse to the minor children using gaslighting techniques and told them that their reality is not reality, that they are not capable of making life altering decisions regarding custody when the children told him that they wanted to return to their mother. Dr. Walsh interrogated both children and watched one child having seizures, testified that she was suffering in neurological distress and never called in the parent from outside the room, did not mention it to the father, prevented the child from receiving emergent medical treatment and concealed this information. He did this on two occasions. He also had 7 years of father/Defendant's diaries and wanted me/Plaintiff/Stephanie Messner to discuss sexual intercourse with my children's father with him in what is supposed to be a child custody evaluation and that is sexual harassment on top of aiding to facilitate the kidnapping of the children.

8.) A four part complaint was filed with the NJ State Board of Psychological Examiners October of 2016 with no determination, case is still open and they still continue to say that the case is still pending in the legal department.

9.) July 25, 2017- Custody was transferred from me over to the father who was also awarded 8 months of child support to be paid by me during the time the children were kidnapped and unable to see me.

The Judges in Somerset County, Vicinage 13, namely Hon. Hany Mawla who received a promotion to the Appellate Division upon the completion of my case, the two County Prosecutors Karyn Weigngarten of Union County and Yoana Yankova of Somerset County with the help of the Diocese of Metuchen and the two schools participated by protecting the person committing a crime, ignored and/or violated the existing court orders and facilitated the kidnapping of my children. The County Prosecutors totally abandoned their duty as law enforcement but served as third party co conspirators in the kidnapping of children and the protection and promotion of criminal behavior which is not in the public interest and a continuation of perpetuating Domestic Violence, Family violence and endangerment to women and children in the State of New Jersey.

N.J.S.A 2C:13-4a- INTERFERENCE WITH CUSTODY

Interference with Custody statute which states a. Custody of children. A person, including a parent, guardian or other lawful custodian, is guilty of interference with custody if he/she:

**(1) Takes or detains a minor child with the purpose of concealing the minor child and thereby depriving the child's other parent of custody or parenting time with the minor child; or**

**(2) After being served with process or having actual knowledge of an action affecting marriage or custody but prior to the issuance of a temporary or final order determining custody and parenting time rights to a minor child, takes, detains, entices or conceals the child within or outside the State**

8

for the purpose of depriving the child's other parent of custody or parenting time, or to evade the jurisdiction of the courts of this State; or

(3) After being served with process or having actual knowledge of an action affecting the protective services needs of a child pursuant to Title 9 of the Revised Statutes in an action affecting custody, but prior to the issuance of a temporary or final order determining custody rights of a minor child, takes, detains, entices or conceals the child within or outside the State for the purpose of evading the jurisdiction of the courts of this State; or

(4) After the issuance of a temporary or final order specifying custody, joint custody rights or parenting time, takes, detains, entices or conceals a minor child from the other parent in violation of the custody or parenting time order.

Interference with custody is a crime of the second degree if the child is taken, detained, enticed or concealed: (i) outside the United States or (ii) for more than 24 hours. Otherwise, interference with custody is a crime of the third degree but the presumption of non-imprisonment set forth in subsection e. of N.J.S.A.2C:44-1 for a first offense of a crime of the third degree shall not apply.

b. Custody of committed persons. A person is guilty of a crime of the fourth degree if he knowingly takes or entices any committed person away from lawful custody when he is not privileged to do so. "Committed person" means, in addition to anyone committed under judicial warrant, any orphan, neglected or delinquent child, person with a mental disease, defect or illness, or other dependent or incompetent person, entrusted to another's custody by or through a recognized social agency or otherwise by authority of law.

    The procedure that the county prosecutors should have followed is delineated in NJ Court Rules Rule 3:2-1. Contents of Complaint; Citizen Complaints_ for Indictable Offenses; Forwarding of

**Indictable Complaints to Prosecutor and Criminal Division Manager; Forwarding of Investigative Reports to Prosecutor**

(a)Complaint.

(1) General.The complaint shall be a written statement of the essential facts constituting the offense charged made on a form approved by the Administrative Director of the Courts. All complaints except complaints for traffic offenses, as defined in R. 7:2-1 where made on Uniform Traffic Tickets and complaints for non-indictable offenses made on the Special Form of Complaint and Summons, shall be by certification or on oath before a judge or other person authorized by N.J.S.A. 2B:12-21 to take complaints. The clerk or deputy clerk, municipal court administrator or deputy court administrator shall accept for filing any complaint made by any person. Acceptance of the complaint does not mean that a finding of probable cause has been made in accordance with R. 3:3-1 or that the Complaint-Warrant (CDR-2) or ComplaintSummons (CDR-1) has been issued.

(2) Issuance of a Citizen Complaint Charging Indictable Offenses. **A Complaint-Warrant (CDR-2) or a Complaint-Summons (CDR-1) charging any indictable offense made by a private citizen may be issued only by a judge.** [2]

(3) **County Prosecutor Review of Citizen Complaints Charging Indictable Offenses. Prior to a finding of probable cause and issuance of a Complaint-Warrant (CDR-2) or a Complaint-Summons (CDR-1) charging any indictable offense made by a private citizen against any individual, the Complaint-Warrant or Complaint-Summons shall be reviewed by a county prosecutor for approval or denial. Prior to approval, the prosecutor has the authority to modify the charge. If the prosecutor approves the citizen complaint charging an indictable offense, the prosecutor shall indicate this decision on the complaint and submit it to a judge who will determine if probable cause exists and whether to issue a Complaint-Warrant or a ComplaintSummons in accordance with R. 3:3-1 in the Judiciary's computerized system used to generate complaints. If the prosecutor**

---

[2] County Prosecutor Karyn Weingarten and County Prosecutor Yankova both interfered with my ability to file a complaint with the Police and blocked my complaint from being accepted by the clerk or deputy clerk, municipal court administrator or deputy court administrator shall accept for filing any complaint made by any person.

**denies the citizen complaint charging an indictable offense, the prosecutor shall report the denial and the basis therefore to the Assignment Judge on the record or in writing and shall notify the citizen complainant and the defendant. The absence of approval or denial within the timeframe set forth in paragraph (a)(4) of this rule shall be deemed as not objecting to the citizen complaint. The citizen complaint charging an indictable offense shall be reviewed by the judge for a probable cause finding and whether to issue a Complaint-Warrant or Complaint-Summons pursuant to R. 3:3-1.**

(4) Period of Time for County Prosecutor Review of Citizen Complaints Charging Indictable Offenses. The county prosecutor shall review citizen complaints charging indictable offenses within a period of no more than forty~ five calendar days following receipt of the citizen complaint in the Judiciary's computerized system used to generate complaints. The prosecutor may apply to the court to extend the period of review upon a showing of good cause for · additional periods of time no greater than ten calendar days each .

(b) Forwarding of Indictable Complaints to the Prosecutor and Criminal Division Manager. Where a Complaint-Summons (CDR-1) or Complaint-Warrant (CDR-2) alleges an indictable offense, the complaint shall be forwarded through the Judiciary's computerized system used to generate complaints to the prosecutor and the criminal division manager's office immediately upon issuance. When the Judiciary's computerized system used to generate complaints is not available, complaints shall be forwarded pursuant to procedures prescribed by the Administrative Director of the Courts.

(c)Forwarding of Investigative Reports to the Prosecutor. For a Complaint-Summons (CDR-1), all available investigative reports shall be forwarded by law enforcement to the prosecutor within 48 hours. For a Complaint-Warrant (CDR-2), all available investigative reports shall be forwarded by law enforcement to the prosecutor immediately upon issuance of the complaint.

Note: Source-R.R. 3:2-1(a)(b); amended July 26, 1984 to be effective September 10, 1984; main caption amended, caption added, former text amended and redesignated paragraph 3:2-1(a), paragraph (b) adopted July 13, 1994 to be effective January 1, 1995; paragraph (a) amended January 5, 1998 to be effective February 1, 1998; caption amended, paragraph (b) amended, and new paragraph (c) adopted August 30,

2016 to be effective January 1, 2017; caption amended, paragraph (a) amended and redesignated as subparagraph (a)(1) with caption added, new subparagraphs (a)(2), (a)(3), and (a)(4) adopted August 2, 2019 to be effective October 1, 2019.

    Please extend me the time I need to pursue this matter, if not allow me to reopen it regardless of the statute of limitations since it involves federal offenses violating civil rights, statutory offenses and criminal activity and was originally opened within the time frame.[3]  2C:1-6 Time limitations.

2C:1-6. Time Limitations. a. (1) A prosecution for any offense set forth in N.J.S.2C:11-3, N.J.S.2C:11-4, N.J.S.2C:14-2 or sections 1 through 5 of P.L.2002, c.26 (C.2C:38-1 through C.2C:38-5) may be commenced at any time.

(2) A prosecution for any offense set forth in N.J.S.2C:17-2, section 9 of P.L.1970, c.39 (C.13:1E-9), section 20 of P.L.1989, c.34 (C.13:1E-48.20), section 19 of P.L.1954, c.212 (C.26:2C-19), section 10 of P.L.1984, c.173 (C.34:5A-41), or section 10 of P.L.1977, c.74 (C.58:10A-10) may be commenced at any time.

b. Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitations:

(1) A prosecution for a crime must be commenced within five years after it is committed;

(2) A prosecution for a disorderly persons offense or petty disorderly persons offense must be commenced within one year after it is committed;

---

[3] N.J.S.A. 2C:1-6 addresses statute of limitations to be 5 years from the date of the crime committed but the county prosecutors Karyn Weingarten and Yoana Yankova failed their duty to prosecute but rather ignore a crime committed.

(3)A prosecution for any offense set forth in N.J.S.2C:27-2, N.J.S.2C:27-4, N.J.S.2C:27-6, N.J.S.2C:27-7, N.J.S.2C:29-4, N.J.S.2C:30-2, N.J.S.2C:30-3, or any attempt or conspiracy to commit such an offense, must be commenced within seven years after the commission of the offense;

(4)A prosecution for an offense set forth in N.J.S.2C:14-3 or N.J.S.2C:24-4, when the victim at the time of the offense is below the age of 18 years, must be commenced within five years of the victim's attaining the age of 18 or within two years of the discovery of the offense by the victim, whichever is later;

(5)(Deleted by amendment, P.L.2007, c.131).

c.An offense is committed either when every element occurs or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed, except that when the prosecution is supported by physical evidence that identifies the actor by means of DNA testing or fingerprint analysis, time does not start to run until the State is in possession of both the physical evidence and the DNA or fingerprint evidence necessary to establish the identification of the actor by means of comparison to the physical evidence.

d.A prosecution is commenced for a crime when an indictment is found and for a non indictable offense when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay. Nothing contained in this section, however, shall be deemed to prohibit the downgrading of an offense at any time if the prosecution of the greater offense was commenced within the statute of limitations applicable to the greater offense.

e.The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this State.

f.The limitations in this section shall not apply to any person fleeing from justice.

g.Except as otherwise provided in this code, no civil action shall be brought pursuant to this code more than five years after such action accrues.

Amended 1979, c.178, s.5; 1980, c.105, s.1; 1986, c.166; 1988, c.68; 1989, c.228, s.1; 1994, c.53; 1996, c.22; 1997, c.325, s.1; 2001, c.308; 2002, c.26, s.7; 2007, c.131.

I am requesting the Court for additional time to hire a third party to serve the summons to the two County Prosecutors Karyn Weingarten and Yoana Yankova and to the State Board of Psychological Examiners and its agents, Endira Nunez, Michael Walker and now Edie Nugent etc. and dismiss the case against the remainder of the defendants and request a subpoena to be issued to the NJ State Board of Psychological Examiners for the current address and contact information of the former Executive Director of the Board of Psychological examiners Michael Walker Phd. who Endira Nunez replaced and now to Edie Nugent Executive Director at P.O. Box 45017  Newark, New Jersey 07101

Thank You in Advance,

Respectfully,

Stephanie Messner

Cc: Ashley Costello via mail

14