# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHANIE MESSNER,<br><br>    Plaintiff,<br><br>       v.<br><br>KARYN R. WEINGARTEN, *in her official capacity of Union County Assistant Union County Prosecutor*, et al.,<br><br>    Defendants. | Civil Action No. 19-15752 (RK) (RLS)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendant Karyn R. Weingarten ("Defendant") seeking to dismiss all claims against her as set forth in the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 54.) Plaintiff Stephanie Messner ("Plaintiff") did not file a brief in opposition. The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** with prejudice. Further, Defendant Yoana Yankova is **DISMISSED** from this action without prejudice pursuant to Rule 4(m) for failure to effect proper service.

## I.    BACKGROUND

The Court notes that this case has been pending for more than five years, and recounts the background and procedural history of this matter to the extent it is relevant to the present motion.

This case arises out of a state court custody dispute between Plaintiff and Miklos Hajdu-Nemeth ("Hadju-Nemeth"), the father of Plaintiff's children. On August 3, 2015, Hajdu-Nemeth filed a motion in New Jersey Superior Court for a change of custody of their two children. ("Amend. Compl." ¶ 56, ECF No. 39.) On July 25, 2017, the court designated Hajdu-Nemeth as the parent of primary residence and Plaintiff as the parent of alternate residence. (Amend. Compl. ¶ 92); *Messner v. Hajdu-Nemeth*, No. A-5607-16T1, 2019 WL 692149, at *2 (N.J. Super. Ct. App. Div. Feb. 20, 2019). On February 20, 2019, the Appellate Division affirmed the Superior Court's Order, (Amend. Compl. ¶¶ 95–98); *see also Messner*, 2019 WL 692149, at *1, and on September 4, 2019, the New Jersey Supreme Court denied Plaintiff's petition for certification, *Messner v. Hajdu-Nemeth*, 216 A.3d 970 (N.J. 2019).

On July 24, 2019, Plaintiff filed the instant case in federal court. (*See* ECF No. 1.) In her original Complaint, Plaintiff alleged that eight state court judges, two state court probation officers, and a Union County assistant prosecutor, Defendant Karyn Weingarten, violated Plaintiff's constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment during the course of the state court child custody proceedings against Hajdu-Nemeth.

On November 29, 2019, Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 16.) Chief Judge Honorable Freda L. Wolfson, U.S.D.J. (ret.) granted the motion as to all Defendants except Defendant Weingarten. (*See* ECF No. 23.) Judge Wolfson found that Defendant Weingarten, as an assistant prosecutor for Union County, was not entitled to prosecutorial immunity for Plaintiff's individual capacity claims. (*Id.* at 7.) Judge Wolfson cited Plaintiff's allegations that Defendant Weingarten directed the police to prevent Plaintiff from bringing complaints against Hajdu-Nemeth pertained to alleged acts that preceded any decision by Defendant Weingarten to initiate a prosecution. (*Id.*) Judge Wolfson declined to

address Defendant Weingarten's qualified immunity argument that was raised in passing in a footnote, but noted that "Defendant Weingarten may, however, assert qualified immunity as an affirmative defense in her answer and, if appropriate, raise the issue in a future motion for judgment on the pleadings or for summary judgment."[1] (*Id.* at 8.)

On January 28, 2022, Plaintiff filed the operative Amended Complaint, adding the following Defendants: the Borough of Garwood, the Township of Franklin, Noelle Jiminez (Garwood Court Administrator), Keila Martinez (Franklin Township Court Administrator), Yoana Yankova (Somerset County Assistant Prosecutor) ("Defendant Yankova"), the New Jersey Board of Medical Examiners, Indira Nunez and Michael Walker (former Executive Directors of the Board), and John and Jane Does 1–100. (Amend. Compl.).[2] In her Amended Complaint, Plaintiff requests to have her "FD case moved out of Somerset County immediately." (*Id.* ¶ 22.) She also seeks monetary damages "against the State and County Defendants" for, *inter alia*, depriving her of parenting time and the ability to make medical and educational decisions for her children, blocking her from filing complaints about Hajdu-Nemeth, and facilitating Hajdu-Nemeth's kidnapping of her children. (*Id.* ¶ 23.) Plaintiff asks that Defendants Weingarten and Yankova be removed and impeached "for failure to protect the public by causing direct interference with the public policy of the entitlement of an American Citizen and/or a Citizen residing in the State of New Jersey to be able to file a criminal complaint for a criminal charge for the parental kidnapping

---

[1] Judge Wolfson contemplated the filing of a Motion to Amend her Complaint in her Letter Order (ECF No. 23), which was subsequently granted by the Honorable Magistrate Judge Lois H. Goodman on January 28, 2022. (ECF No. 38.) Thus, this pending Motion to Dismiss is not in violation of Judge Wolfson's directive, and is legally authorized by Rule 12(b)(6).

[2] In the Amended Complaint, Plaintiff makes numerous allegations against the Defendants that were previously dismissed in Judge Wolfson's Opinions, arguing that her "inalienable rights" should "trump Absolute Judicial Immunity, Quasi Immunity, [and] Qualified Immunity." (Amend Compl. ¶ 11.) As noted above, the Judge Defendants, as well as Defendants Howard and Barracano, who served as probation officers for Somerset County, have been dismissed from this action with prejudice. The Court therefore will not consider identical claims renewed against these already dismissed Defendants.

of a child . . . ." (*Id.* ¶ 9.) Plaintiff further requests "injunctive relief by way of a Federal investigation as to who directed [Defendant Yankova and Defendant Weingarten] to send [her] back to Somerset County Family Court and not allow [her] to file [her] complaint to be heard before a judge." (*Id.* ¶ 10.)

On February 4, 2022, after Plaintiff failed to provide proof of service of the Amended Complaint, this case was administratively terminated pending service of the additional Defendants. (*See* ECF No. 41.) On February 22, 2023, the Honorable Rukhsanah L. Singh, U.S.M.J. ordered Plaintiff to submit a letter to the Court regarding the status of service on the additional Defendants by March 15, 2023. (*See* ECF No. 42.) After Plaintiff failed to respond to Judge Singh's order, on April 5, 2023 the Court issued a Notice of Call for Dismissal pursuant to Local Rule 41.1(a) for lack of prosecution. (ECF No. 45.)

On April 19, 2023, Plaintiff filed a Motion to Dismiss, seeking dismissal of her claims against "the additional defendants EXCEPT FOR Karyn Weingarten, Yoana Yankova and the State Board of Psychological Examiners which includes Indira Nunez, Michael Walker, and the current Executive Director and agents of the [B]oard responsible for disciplinary action." (ECF No. 46 at 1.) On May 15, 2023, the matter was reassigned to the undersigned. (ECF No. 48.)

On October 16, 2023, this Court issued an Opinion granting Plaintiff's Motion to Dismiss all additional defendants. (*See* ECF No. 51.) Further, the Court dismissed the State Board of Psychological Examiners from the action with prejudice based on Eleventh Amendment Immunity, and ordered Plaintiff effect service on Defendant Yoana Yankova by November 15, 2023, or have the case dismissed without prejudice as to Defendant Yankova pursuant to Rule 4(m) for failure to effect proper service. (*Id.* at 11.) To date, Plaintiff has not provided proof of service that the Amended Complaint was served on Defendant Yankova.

On November 15, 2023, Defendant Weingarten filed the instant Motion to Dismiss Plaintiff's Amended Complaint ("Defendant's Motion"). (ECF No. 54.) No opposition was filed by Plaintiff. Eight months later, the Court issued a show cause order regarding Plaintiff's failure to file any opposition to Defendant's Motion. (ECF No. 56.) In the order, the Court required Plaintiff file her opposition to the Motion or show cause in writing as to why the Motion should not be deemed unopposed by July 29, 2024. (ECF No. 56.) On July 29, 2024, Plaintiff filed a letter claiming she never received a copy of Defendant's Motion, (ECF No. 57), despite Defendant Weingarten submitting proof that the Motion was properly served on Plaintiff on November 24, 2023, the time of filing, (*see* ECF No. 58). Defendant also noted that she mailed an additional copy of the Motion to Plaintiff on August 2, 2024. (*Id.*) In view of Plaintiff's *pro se* status, the Court issued a text order granting Plaintiff an additional fourteen (14) days to file her opposition brief but noted "that this matter is more than five years old. If Plaintiff fails to respond to the Motion on or before August 20, 2024, the Court will treat it as unopposed. There will be no additional extensions granted." (ECF No. 59.) In addition, the Court ensured that a copy of the text order was mailed to "Plaintiff's address of record." (*Id.*) Plaintiff did not and has not filed any Opposition. On August 26, 2024, Defendant requested the Motion be deemed unopposed pursuant to the Court's August 6, 2024 text order. (ECF No. 60.)

## II.  **LEGAL STANDARDS**

### a.  Dismissal of Motion under 12(b)(6)

Pursuant to Rule 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "The Court must address unopposed motions to dismiss a complaint on the merits." *Estate of Casella v. Hartford Life Ins. Co.,* No. 09–2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d

Cir.1991); *see also Brown v. Diguglielmo,* 418 F.App'x 99, 102 (3d Cir. 2011) ("A Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions")). For a complaint to survive dismissal under this Rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.,* No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd,* 316 F. App'x 172 (3d Cir. 2009) (citations and quotation marks omitted).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a

presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)). A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)). Notwithstanding the liberal interpretation, the complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

> b.  Service of Process

Rule 4 governs the requirements for proper service. Rule 4 provides that a plaintiff must serve his summons and complaint on each defendant within ninety (90) days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## III.  **DISCUSSION**

As a preliminary matter, the Court addresses the issue of whether Plaintiff can be deemed properly served with the instant Motion despite her claims of not receiving it. (ECF No. 57.) Defendant demonstrated that Plaintiff was served by certified mail with the subject Motion on November 24, 2023. (ECF No. 58.) "Nevertheless, [Defendant took] the liberty of sending Plaintiff another copy of the Motion" on or around August 2, 2024. (*Id.*) The Court notes that Plaintiff was properly served the initial Motion to Dismiss at her address of record, which has not changed

during the course of the proceedings. (*See* ECF Nos. 17 & 18) (Plaintiff's opposition briefs to initial Complaint.)  Coincidentally, on the very date the Court set as the belated deadline for Plaintiff's opposition, July 29, 2024, she instead filed a rather lengthy letter claiming non-receipt of the instant Motion. Moreover, the Court had its text order of August 6, 2024, mailed to Plaintiff at her address of record which, again, afforded Plaintiff additional time to file an opposition brief. (ECF No. 59.) No response of any kind was forthcoming.  The undersigned's chambers received no communications from Plaintiff, phone calls or emails, seeking a courtesy copy of the Motion. In light of these facts, the Court find's Plaintiff's claim that she did not receive the Motion an "ostrich" defense and not credible. *See In re Marshall,* 623 B.R. 123, 137 (Bankr. E.D. Pa. 2020) (finding debtor's claim that she was simply unaware of the problem as an "ostrich defense" and not credible.)  Accordingly, the Court deems Plaintiff properly served.

The Court will first address Defendant Weingarten's pending Motion to Dismiss. Then, the Court will address the ongoing issues with service of process in this case as to Defendant Yankova.

a.  Defendant Weingarten's Motion to Dismiss under 12(b)(6)

Plaintiff was served with the Motion twice, (ECF No. 54 at *31–32; ECF No. 58), and was warned repeatedly by this Court that failure to respond would result in the Motion being treated as unopposed, (ECF Nos. 56, 59). After this Court's first show cause order, Plaintiff filed a letter stating that she had not received the Motion. (ECF No. 57.) While Plaintiff labeled this Letter as her "Opposition to OTSC to dismiss this case against County Prosecutors," the letter does not address any of the arguments the Motion raises, as Plaintiff claims she was not "in receipt of [the Motion to Dismiss] and [is] unable to respond until [she] receives it." (*Id.* at 1.) As such, this Letter cannot be considered an opposition to the Motion, and Plaintiffs' failure to file any subsequent brief responding to the Motion violates the Court's directive to "respond to the Motion on or before

8

August 20, 2024 [or else] the Court will treat it as unopposed." (ECF No. 59.) While granting the Motion as unopposed may be a fair outcome, the Court, out of an abundance of care to the *pro se* Plaintiff, has reviewed Plaintiff's letter for any meritorious arguments and addresses the substance of the Motion. *See Estate of Casella.,* 2009 WL 2488054 at \*2 (D.N.J. Aug. 11, 2009) (citing *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir.1991); *see also Brown v. Diguglielmo,* 418 F.App'x 99, 102 (3d Cir. 2011) ("A Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions")).

Defendant presents three arguments in support of dismissal. *First,* Defendant argues that Plaintiff's claims are barred by the statute of limitations. *Second,* Defendant argues that Plaintiff does not have a cause of action to obtain the relief she seeks against Defendant. *Third,* Defendant is entitled to qualified immunity. (ECF No. 54 at 13.) For each of these three independent reasons, dismissal of the Amended Complaint is appropriate.

### i. Statute of Limitations

Defendant argues that the face of the Amended Complaint establishes that Plaintiff was aware of Defendant's alleged interference in Plaintiff's right to file a criminal complaint on June 13, 2017, marking the accrual date for the statute of limitations ("SOL") at that date. (Amend. Compl. ¶¶ 33, 36.) As such, Defendant argues that because the SOL for Plaintiff's claim is two years, Plaintiff's Complaint filed on June 24, 2019 was outside the applicable two-year SOL. (ECF No. 54 at 7–8.)

The Court agrees that Plaintiff's claims against Defendant Messner are barred by the SOL. The SOL is an affirmative defense, and not normally decided at a motion to dismiss posture. *See Crump v. Passaic County,* 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint

facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id.* Section 1983 does not provide for a specific SOL. Accordingly, federal courts look to the relevant state law claim's statute of limitations to determine what is applicable. *Sameric Corp., Del., Inc. v. City of Philadelphia*, 142 F.3d 582 (3d Cir. 1998). The statute of limitations under New Jersey law for personal injury claims is two years. *See* N.J. Stat. Ann. § 2A:14-2. "[T]he accrual date for a section 1983 claim is a question of federal law that is not resolved" simply "by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Instead, "a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp.*, 142 F.3d at 599.

Here, the SOL has elapsed. The State Court issued its judgment designating Plaintiff as the parent of alternate residence on July 25, 2017, and the claims relating to Defendant allegedly blocking Plaintiff from filing her complaint occurred *prior to* this judgment. (Amend. Compl. ¶¶ 36–38 (alleging that Defendant sent Plaintiff a letter on June 13, 2017 stating that Defendant would not approve criminal charges against Hajdu-Nemeth and that Plaintiff had been "rejected" in her attempts to file "prior to the June 13, 2017" letter).) Plaintiff alleges that this "blocking . . . happened again on two more occasions," but cites to her letter filed March 20, 2017—again before the June 2017 letter. (*Id.* ¶ 38 (citing ECF No. 21-5).)

Based on the facts alleged in the Amended Complaint, Plaintiff was aware that Defendant interfered with Plaintiff's ability to file her complaint, at the latest, on June 13, 2017.[3] *Sameric*

---

[3] The Amended Complaint contains an internal reference to Plaintiff's earlier filed Motion to Amend the Complaint docketed at ECF No. 21. (*See* Amend. Compl. ¶¶ 34, 38-39.) This earlier Motion to Amend included several exhibits. (*See generally* ECF No. 21.) The Court considered these exhibits when referenced in the Amended Complaint, yet all of these exhibits referenced instances of Plaintiff being allegedly blocked from filing her criminal complaint prior to or on June 13, 2017. (*See* ECF No. 21 at Ex. D (dated March 3, 2017 conversation with Police Officer who referred Plaintiff to file a complaint in family court because it was not a criminal matter); ECF No. 21 at Ex. C (Defendant's letter to Plaintiff stating she did not approve

*Corp.*, 142 F.3d at 599. Accordingly, Plaintiff's Complaint filed on July 24, 2019 fell outside the two-year statute of limitations.[4]

### ii. No Cause of Action

Defendant's next argument is that there is no cause of action on which Plaintiff can receive relief. It is not clear from the Amended Complaint the specific claims and forms of relief Plaintiff seeks. As best the Court can discern, Plaintiff argues that Defendant violated Plaintiff's Fourteenth Amendment rights to Due Process and Equal Protection by "causing direct interference with the public policy of the entitlement of an American Citizen and/or a Citizen residing in the State of New Jersey to be able to file a criminal complaint for a criminal charge for the parental kidnapping of a child" in violation of New Jersey Court Rule 7:2-1. (Amend. Compl. ¶¶ 9, 14.)

As to relief, Plaintiff seeks (1) monetary damages against Defendant for "blocking" her from filing "complaints and/or motions" and (2) declaratory and injunctive relief "under the Rule 23(a) and (b)(2) on behalf of all persons mothers and/or father's [sic] who have been or in the future will be deprived of a child custody by Defendants without a prompt and full hearing" in the form of the "impeachment of . . . [Defendant Weingarten and Defendant Yankova] from holding positions or any public office" as well as a "federal investigation as to who directed the aforementioned prosecutors to send [her] back to Somerset County Family Court." (*Id.* ¶¶ 9, 22.)

---

of criminal charges dated June 13, 2017)). As such, Plaintiff was likely aware of the injuries claimed against Defendant Messner even earlier than June 13, 2017.

[4] The arguments raised in Plaintiff's letter claiming she never received the Motion do not change this conclusion. Plaintiff argues that the statute of limitations is five years for the alleged crime committed by Defendant for their failed "duty to prosecute" because the crime Plaintiff sought to report was pursuant to N.J.S.A. § 2C:1-6. (ECF No. 57 at 12.) However, Plaintiff's claim against Defendant is not that Defendant violated N.J.S.A § 2C:13-4a., but that Defendant interfered with Plaintiff's right to access the court by inhibiting her from filing a complaint *against Hajdu-Nemeth* for violation of N.J.S.A. 2C:13-4a. (Amend. Compl. ¶ 36.) Thus, the five-year SOL would not apply to Plaintiff's claims against Defendant. Even if a five-year SOL did apply, Defendant's Motion would still be granted on qualified immunity grounds and for failing to state a claim upon which relief can be granted. *See* Sections III.a.ii and III.a.iii, *infra*.

The Court lacks the authority to utilize Rule 23 entitled "Class Actions," or impeach and/or remove County Assistant Prosecutors from 'their' positions. (*Id.*)

Plaintiff's Amended Complaint fails to state a claim for injunctive relief. Plaintiff seeks injunctive relief in the form of "the removal or impeachment of" Defendant and requests a "federal investigation" into Defendant's actions alleged in the Amended Complaint. (Amend. Compl. ¶ 9.) If the relief sought by Plaintiff in terms of a "federal investigation" or "impeachment" of Defendant is requesting the prosecution of another, there is no cause of action available. *See Fakla v. Borough of Middlesex*, No. 22-04126, 2023 WL 4197168 at *3 (D.N.J. June 27, 2023) ("courts have long held that civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties."(quoting *Gittens v. Scholtz.*, No. 18-2519, 2019 WL 3417091, at *11 (D.N.J. July 29, 2019) (citations omitted)). Regarding Plaintiff's request for monetary relief for Defendant's actions, Plaintiff's claims are barred by the doctrine of qualified immunity, as discussed below. *See* Section III.a.iii. Because Plaintiff fails to state a claim upon which relief can be granted, her Amended Complaint must be dismissed under Rule 12(b)(6).

### iii.  Qualified Immunity

Lastly, Defendant argues that she is entitled to qualified immunity because Plaintiff's affirmative right to file a civilian criminal complaint is not a "clearly established" constitutional right. (ECF No. 54 at 12 (citing *Yarris v. Cty. of Del.*, 465 F.3d 129, 140 (3d Cir. 2006)).) Plaintiff alleges that Defendant violated her "legal and constitutional rights to due process and equal protection under the law" by blocking her ability to file a civilian complaint. (Amend. Compl. ¶ 42.) In doing so, Plaintiff alleges that Defendant deprived Plaintiff of her "right to be heard before a Judge" and failed to prosecute Plaintiff's criminal charge against Hajdu-Nemeth. (*Id.*)

The qualified immunity doctrine "shield[s] government officials performing discretionary functions ... 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not a "mere defense to liability" but rather "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Therefore, it is important to "resolv[e] immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). A court hearing a claim to qualified immunity must determine both whether the plaintiff has shown a violation of a constitutional right and whether the right was "clearly established" at the time of the alleged constitutional violation. *Pearson*, 555 U.S. at 232 (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Supreme Court has held that to find a "clearly established" constitutional right "[t]he contours of the right must be sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 635 (1987).

To determine whether Defendant is entitled to qualified immunity, the Court considers if Plaintiff's affirmative right to file a civilian complaint is a constitutional right that is clearly established. (*Id.*) It is well-settled that access to civil courts is a constitutional right. *See Chambers v. Baltimore & Ohio Railroad*, 207 U.S. 142, 148 (1907) (deriving constitutional right of access to civil courts from article four privileges and immunities clause and fourteenth amendment); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (fourteenth amendment due process clause provides citizens access to courts to make allegations of violations to fundamental constitutional rights).

However, a private citizen "clearly lacks a judicially cognizable interest in the criminal prosecution of another." *Brown v. Grabowski*, 922 F.2d 1097, 1104 (3d Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff sought to file a "criminal complaint" against Hadju-Nemeth for the "criminal charge and offense" of "parental kidnapping of a child as delineated in" 2C:13-4A Interference with Custody Statute. (Amend. Compl. ¶¶ 9, 83.) Plaintiff has no constitutional right for Defendant to prosecute the father of her children. *See Brown*, 922 F.2d at 1104. Similarly, Plaintiff's claim that Defendant deprived her of access to a probable cause hearing before a judge is not a "judicially cognizable interest." *Id.* Pursuant to New Jersey Court Rule 3:2-1, following the submission of a complaint pertaining to an indictable offense, a prosecutor must review the complaint and determine whether it gets sent to a judge, who determines probable cause. *See* N.J. Ct. R. 3:2-1. As such, Plaintiff is not entitled to a probable cause hearing before a judge even if she had successfully filed her complaint.

As to Plaintiff's ability to file a civilian complaint, this is not a clearly established right. The Court has not found any case on point recognizing a constitutional right to file a civilian complaint for an indictable offence in municipal court. The Supreme Court does "not require a case directly on point before concluding that the law is clearly established, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011). Plaintiff cites to New Jersey Court Rule 7:2-1, which states that the municipal court is required to accept "every complaint made by any person" as evidence of Defendant's constitutional violations. N.J. Ct. R. 7:2-1. However, section 1983 "does not provide a cause of action for violations of state statutes," only federal statutory law or constitutional rights. *Brown*, 922 F.2d at 1113. Even if Plaintiff had a constitutional right to file her criminal complaint,

qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Anderson,* 483 U.S. at 638.

As alleged in the Amended Complaint, Defendant reviewed "approximately fifteen police reports, which had been filed by both [Plaintiff and her ex-husband], over the past two years." (Amend. Compl. ¶ 38 (citing Ex. C to ECF No. 21).) Further, Defendant reviewed the letter that Plaintiff's counsel sent to her as well as her voicemail. (*Id.*) Following this review and being "mindful of N.J.S.A. 2C:13-4." Defendant determined that she did not "approv[e] criminal charges against either party," and directed Plaintiff to resolve her disputes relating to the custody order in family court. (*Id.*; Amend. Compl. ¶ 43.) A reasonable prosecutor could have determined that, because she had the discretion to reject a complaint once filed, directing a person to family court instead of letting her file yet another a criminal complaint did not violate a person's constitutional rights. Accordingly, Defendant is entitled to qualified immunity because it would not have been clear to an objectively reasonable prosecutor that her alleged conduct was unlawful. *See Montanez v. Thompson,* 603 F.3d 243, 251 (3d Cir. 2010).

* * *

The court need not dismiss without prejudice and with leave to amend if amendment would be "inequitable or futile." *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (citations omitted); *see also Baker v. Wittevrongel*, No. 20-13020, 2021 WL 1840052, at *3 (D.N.J. May 7, 2021) (dismissing with prejudice because plaintiff's claims were precluded and time barred); *Mesadieu v. City of Elizabeth*, No. 17-3252, 2019 WL 2385901, at *3 (D.N.J. June 6, 2019) (dismissing with prejudice because "Plaintiff's claims are all barred by relevant statutes of limitations"); *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510,

2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading).

The Court concludes that *pro se* Plaintiff's Amended Complaint is incurably deficient on multiple grounds against the Defendant. For this reason, any attempt to amend the Amended Complaint would be futile, and the Amended Complaint must be dismissed with prejudice. Plaintiff's litigation history makes clear that Amended Complaint represents her best effort to recover damages from the results of her state court proceedings. Plaintiff already had the opportunity to amend her complaint once in the instant suit. (ECF No. 39.) However, Plaintiff's complaints against the individuals most directly involved in her custody proceedings—eight state court judges, two state court probation officers, and Union County assistant prosecutor, the Borough of Garwood, the Township of Franklin, Noelle Jiminez (Garwood Court Administrator), Keila Martinez (Franklin Township Court Administrator), and the New Jersey Board of Medical Examiners—have been dismissed with prejudice, and yet Plaintiff repeatedly rehashes these claims in her suit. Against the remaining Defendant Weingarten, the instant suit constitutes Plaintiff's second or third bite at the apple.

As explained above, Plaintiff's claims against Defendant are time-barred, the Amended Complaint fails to state a cause of action on which Plaintiff can receive relief, and Defendant is entitled to qualified immunity. Therefore the Court will dismiss the claims with prejudice.

b.  Service of Process

Finally, the Court turns to the issues with service of process in this case. As noted previously in this Court's Opinion filed on October 16, 2023, there is no indication on the docket, or otherwise from Plaintiff, that Plaintiff served Defendant Yoanna Yankova with the Amended Complaint. Plaintiff filed the Amended Complaint over two and a half ago, on January 28, 2022.

(ECF No. 39.) In this Court's Opinion issued on October 16, 2023, which granted Plaintiff until November 15, 2023 to effect service on Defendant Yankova in compliance with Rule 4, the Court noted that the case against any Defendant who had not been so served by October 16, 2023 shall be dismissed without prejudice pursuant to Rule 4(m) for failure to effect proper service. (ECF No. 51.) As of the date of this Opinion, Plaintiff has still not served Defendant Yankova with the Amended Complaint. Accordingly, because Plaintiff failed to effectuate service on Defendant Yankova, the Complaint is dismissed without prejudice pursuant to Rule 4(m) as to her. *See* Fed. R. Civ. P. 4(m).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** with prejudice. In addition, Defendant Yankova is **DISMISSED** from this action without prejudice for failure to effectuate service. Plaintiff is given thirty (30) days from the date of this Opinion to effectuate service pursuant to Rules 4 and 5 on Defendant Yankova. Failure to do so may result in the dismissal of this action as to Defendant Yankova. An appropriate Order will accompany this Opinion.

_____

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

<u>Dated</u>: September 17, 2024

18