NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHANIE MESSNER,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET COUNTY ASSISTANT<br>PROSECUTOR YANKOVA, *et al.*,<br><br>Defendants. | Civil Action No. 19-15752 (RK) (RLS)<br><br><u>**MEMORANDUM ORDER**</u> |

**THIS MATTER** comes before the Court upon review of its September 17, 2024 Order directing that *pro se* Plaintiff Stephanie Messner ("Plaintiff") serve Defendant Yoana Yankova ("Yankova") and that failure to effectuate service would result in the Court dismissing the claims against Yankova. (ECF No. 62.) Because Plaintiff has failed to file proof of service on Yankova, the Court will dismiss the claims with prejudice.

The relevant procedural history is briefly recounted.[1] Plaintiff filed her initial Complaint instituting this case in July 2019, (ECF No. 1), and filed the operative Amended Complaint on January 28, 2022, (ECF No. 39). Yankova was named in the Amended Complaint, (*id.*), and on the same day the Clerk's Office issued the summons to be served on Yankova, (ECF No. 40). The Honorable Freda L. Wolfson, U.S.D.J. (ret.) administratively terminated the case pending service of the additional Defendants. (ECF No. 41.) On February 22, 2023—over one year later—the Honorable Rukhsanah L. Singh, U.S.M.J. ordered Plaintiff to submit a status update regarding service on Defendants. (ECF No. 42.) After Plaintiff failed to serve Defendants or submit the

---

[1] A more fulsome procedural history is contained in the Court's September 17, 2024 Opinion. (*See* ECF No. 61 at 1–5.)

required status update, the Honorable Michael A. Shipp, U.S.D.J. issued an Order to Show Cause why the matter should not be dismissed for failure to effectuate service on April 5, 2023. (ECF Nos. 44, 45.)

Rather than filing proof of service, Plaintiff filed a Motion to Dismiss on April 19, 2023, seeking dismissal of her claims against all Defendants except for three, including Yankova. (ECF No. 46.) The filing requested "additional time to hire a third party to serve" the three Defendants that Plaintiff did not seek to dismiss. (*Id.* at 11.)[2] After the matter was transferred to the Undersigned, the Court issued an Opinion and Order on October 16, 2023 granting Plaintiff's Motion to Dismiss, among other relief. (ECF Nos. 51, 52.) In the same Order, the Court directed Plaintiff to effect service on the Defendants named in the Amended Complaint, including Yankova, by November 15, 2023. (ECF No. 52.) The Court warned that failure to do so would result in the claims being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*)

Since then, Plaintiff has not effected service on Yankova. A different Defendant, Karyn R. Weingarten ("Weingarten"), filed a Motion to Dismiss on November 15, 2023, (ECF No. 54), which the Court granted on September 17, 2024, (ECF Nos. 61, 62). In its Opinion, the Court noted that Plaintiff filed the Amended Complaint over two and a half years ago, that the Court had previously ordered Plaintiff to serve the named Defendants in the October 2023 Order, and that "[a]s of the date of this Opinion, Plaintiff has still not served Defendant Yankova with the Amended Complaint." (ECF No. 61 at 16–17.) Out of courtesy to a *pro se* litigant, the Court *again*

---

[2] In the interim, on June 5, 2023, Plaintiff filed a 50-page document that included receipts from a process server that includes several pages appearing to show service of a "SUBPOENA TO PRODUCE" on "SOMERSET COUNTY JAIL, ATTN: DEPUTY WARDEN KIM WILLIANS." (ECF No. 50-1.) Yankova's name does not appear in this filing, and the filing does not otherwise suggest that service was made on Yankova.

ordered Plaintiff to effectuate service on Yankova within 30 days (by October 17, 2024) and stated that failure to do so would result in the claims against Yankova being dismissed. (ECF No. 62.)

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Over two and a half years have now elapsed since Yankova was named in the Amended Complaint. On four separate occasions during that time—February 22, 2023, April 5, 2023, October 16, 2023, and September 17, 2024—Judges have instructed Plaintiff to effectuate service on the Defendants, including Yankova. Most recently in September 2024, the Court again ordered Plaintiff to serve Yankova within 30 days or else the Amended Complaint against Yankova would be dismissed. Given these repeated failures to effectuate service on Yankova or follow the Court's orders, the Court will dismiss the claims against Yankova pursuant to Rule 4(m).

Finally, the Court notes that no Defendants remain in this action. The January 2022 Amended Complaint named a number of Defendants. (ECF No. 39.) Plaintiff subsequently moved to dismiss all Defendants except for three: Yankova, Weingarten, and the New Jersey State Board of Psychological Examiners. (ECF No. 46.) The Court granted that request and further dismissed the Board of Psychological Examiners on Eleventh Amendment immunity grounds. (ECF No. 51.) The Court then granted Weingarten's Motion to Dismiss, (ECF No. 62), leaving only Yankova as the remaining Defendant. Now, the Court dismisses Yankova as well. Therefore,

**IT IS** on this 28th day of October, 2024,

**ORDERED** that the Amended Complaint is **DISMISSED** against Yoana Yankova pursuant to Rule 4(m) for failure to effectuate service; and it is further

**ORDERED** that the Clerk's Office is directed to **CLOSE** this case.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**